iii.    conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;

iv.    knowingly makes, uses, or causes to be made or used, a false record, or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government.

174.    The United States Government, unaware of the falsity of the claims, records, and/or statements made by the Defendants and in reliance on the accuracy thereof, paid the Defendants for the claims.

175.    Due to the Defendants' conduct, the United States Government has suffered substantial monetary damages.

## RELIEF

176.    On behalf of the United States Government, Relators seek to receive monetary damages equal to three times that suffered by the United States Government. In addition, Relators seek to receive all civil penalties on behalf of the United States Government in accordance with the False Claims Act.

177.    Relators seek to be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(b) of the False Claims Act.

178.    Relators seek to be awarded all costs and expenses for this action, including attorneys' fees and court costs.

179.    Relators seek to be awarded all other relief on behalf of Relators or the United States Government to which either may be entitled and that the Court deems just and proper.

## PRAYER

WHEREFORE, Relators pray that this Court enter judgment on behalf of Relators and against Defendants for the following:

a. Damages in the amount of three (3) times the actual damages suffered by the United States Government as a result of Defendants' conduct;

b. Civil penalties against Defendants up to $11,000 for each violation of 31 U.S.C. § 3729;

c. Relators be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

d. Relators be awarded all costs and expenses of this litigation, including attorneys' fees and costs of court;

e. All other relief on behalf of Relators or the United States Government to which either may be entitled and that the Court deems just and proper.

## B.   Count II - California False Claims Act

180.   Relators repeat and reallege each allegation contained in paragraphs 1 through 179 above as if fully set forth herein.

181.   This is a *qui tam* action brought by Relators and the State of California to recover treble damages and civil penalties under the California False Claims Act, Cal. Gov't. Code § 12650 *et seq.*

182.   Cal. Gov't Code § 12651(a) provides liability for any person who-

(1)   knowingly presents, or causes to be presented, to an officer or employee of the state or of any political division thereof, a false claim for payment or approval;

(2)   knowingly makes, uses, or causes to be made or used a false record or statement to get a false claim paid or approved by the state or by any political subdivision;

(3)   conspires to defraud the state or any political subdivision by getting a false claim allowed or paid by the state or by any political subdivision.

\*\*\*

(7)   knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state or to any political subdivision.

183.   Organon, Omnicare and PharMerica violated Cal. Gov't Code § 12651(a) and knowingly caused hundreds of thousands of false claims to be made, used and presented to the

63

State of California from at least 1999 to 2005 by their violations of federal and state laws as described herein.

184.    The State of California, by and through the California Medicaid program and other state health care programs, and unaware of the fraudulent and illegal practices of Organon, Omnicare and PharMerica, paid the claims submitted by long-term care pharmacy providers and third party payers in connection therewith.

185.    Compliance with applicable Medicare, Medi-Cal and various other federal and state laws was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of California in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

186.    Had the State of California known that Organon, Omnicare and PharMerica were violating the federal and state laws cited herein, it would not have paid the claims submitted by long-term care pharmacy providers and third party payers in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

187.    As a result of the Defendants' violations of Cal. Gov't Code §12651(a), the State of California has been damaged.

188.    There are no bars to recovery under Cal. Gov't Code §12652(d)(3), and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Cal. Gov't Code § 12652(c) on behalf of themselves and the State of California.

64

189.    This Court is requested to accept pendant jurisdiction over this related state claim

as it is predicated upon the same exact facts as the federal claim, and merely asserts separate

damages to the State of California in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages

to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF CALIFORNIA:

(1)    Three times the amount of actual damages which the State of California has
       sustained as a result of the fraudulent and illegal practices of Organon, Omnicare
       and PharMerica;

(2)    A civil penalty of up to $11,000 for each false claim which Organon, Omnicare
       and PharMerica presented or caused to be presented to the State of California;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)    The maximum amount allowed pursuant to Cal. Gov't Code § 12652 and/or any
       other applicable provision of law;

(2)    Reimbursement for reasonable expenses which Relators incurred in connection
       with this action;

(3)    An award of reasonable attorneys' fees and costs; and

(4)    Such further relief as this Court deems equitable and just.

## C.    COUNT III - DELAWARE FALSE CLAIMS AND REPORTING ACT

190.    Relators repeat and reallege each allegation contained in paragraphs 1 through

189 above as if fully set forth herein.

191. This is a *qui tam* action brought by Relators and the State of Delaware to recover treble damages and civil penalties under the Delaware False Claims and Reporting Act, Title 6, Chapter 12 of the Delaware Code.

192. 6 Del. C. § 1201(a) provides liability for any person who-

(1) knowingly presents, or causes to be presented, directly or indirectly, to an officer or employee of the Government a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, directly or indirectly, a false record or statement to get a false or fraudulent claim paid or approved; or

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.

\*\*\*

(7) knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state or to any political subdivision.

193. Organon, Omnicare, and PharMerica violated 6 Del. C. § 1201(a) and knowingly caused thousands of false claims to be made, used and presented to the State of Delaware from at least 1999 to 2005 by their violations of federal and state laws as described herein.

194. The State of Delaware, by and through the Delaware Medicaid program and other state health care programs, and unaware of the fraudulent and illegal practices of Organon, Omnicare, and PharMerica, paid the claims submitted by long-term care pharmacy providers and third party payers in connection therewith.

195. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Delaware in connection with the fraudulent and illegal practices of Organon, Omnicare, and PharMerica.

66

196.    Had the State of Delaware known that Organon, Omnicare, and PharMerica were violating the federal and state laws cited herein, it would not have paid the claims submitted by long-term care pharmacy providers and third party payers in connection with the fraudulent and illegal practices of Organon, Omnicare, and PharMerica.

197.    As a result of the Defendants' violations of 6 Del. C. § 1201(a), the State of Delaware has been damaged.

198.    There are no bars to recovery under 6 Del. C. § 1206(c), and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to 6 Del. C. § 1203(b) on behalf of themselves and the State of Delaware.

199.    This Court is requested to accept pendant jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Delaware in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare, and PharMerica:

To the STATE OF DELAWARE:

(1)    Three times the amount of actual damages which the State of Delaware has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)    A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Organon, Omnicare, and PharMerica caused to be presented to the State of Delaware;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1) The maximum amount allowed pursuant to 6 Del. C. § 1205, and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relators incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## D. COUNT IV - DISTRICT OF COLUMBIA PROCUREMENT REFORM AMENDMENT ACT

200. Relators repeat and reallege each allegation contained in paragraphs 1 through 199 above as if fully set forth herein.

201. This is a *qui tam* action brought by Relators and the District of Columbia to recover treble damages and civil penalties under the District of Columbia Procurement Reform Amendment Act, D.C. Code § 2-308.13 *et seq.*

202. D.C. Code § 2-308.14(a) provides liability for any person who-

(1) knowingly presents, or causes to be presented, to an officer or employee of the District a false claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false claim paid or approved by the District;

(3) conspires to defraud the District by getting a false claim allowed or paid by the District;

***

(7) knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state or to any political subdivision.

203. Organon, Omnicare, and PharMerica violated D.C. Code § 2-308.14(a) and knowingly caused hundreds of thousands of false claims to be made, used and presented to the

68

District of Columbia from at least 1999 to 2005 by their violations of federal and state laws as described herein.

204. The District of Columbia, by and through the District of Columbia Medicaid program and other state health care programs, and unaware of the fraudulent and illegal practices of Organon, Omnicare, and PharMerica, paid the claims submitted by long-term care pharmacy providers and third party payers in connection therewith.

205. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the District of Columbia in connection with the fraudulent and illegal practices of Organon, Omnicare, and PharMerica.

206. Had the District of Columbia known that Organon, Omnicare and PharMerica were violating the federal and state laws cited herein, it would not have paid the claims submitted by long-term care pharmacy providers and third party payers in connection with the fraudulent and illegal practices of Organon. Omnicare, and PharMerica.

207. As a result of the Defendants' violations of D.C. Code § 2-308.14(a) the District of Columbia has been damaged.

208. There are no bars to recovery under D.C. Code §2-308.15(c)(2), and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to D.C. Code § 2-308.15(b) on behalf of themselves and the District of Columbia.

69

209.    This Court is requested to accept pendant jurisdiction of this related state claim as

it is predicated upon the exact same facts as the federal claim, and merely asserts separate

damage to the District of Columbia in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages

to the following parties and against Organon. Omnicare and PharMerica:

To the DISTRICT OF COLUMBIA:

(1)    Three times the amount of actual damages which the District of Columbia has
       sustained as a result of the fraudulent and illegal practices of Organon, Omnicare,
       and PharMerica;

(2)    A civil penalty of not less than $5,500 and not more than $11,000 for each false
       claim which Organon, Omnicare and PharMerica caused to be presented to the
       District of Columbia;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)    The maximum amount allowed pursuant to D.C. Code § 2-308.15(f) and/or any
       other applicable provision of law;

(2)    Reimbursement for reasonable expenses which Relators incurred in connection
       with this action;

(3)    An award of reasonable attorneys' fees and costs; and

(4)    Such further relief as this Court deems equitable and just.

## E.    COUNT V - FLORIDA FALSE CLAIMS ACT

210.    Relators repeat and reallege each allegation contained in paragraphs 1 through

209 above as if fully set forth herein.

211.    This is a *qui tam* action brought by Relators and the State of Florida to recover

treble damages and civil penalties under the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.*

70

212. Fla. Stat. § 68.082(2) provides liability for any person who-

    1.    knowingly presents, or causes to be presented, to an officer or employee of an agency a false or fraudulent claim for payment or approval;

    2.    knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by an agency;

    3.    conspires to submit a false claim to an agency or to deceive an agency for the purpose of getting a false or fraudulent claim allowed or paid;

    4.    knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state or to any political subdivision.

213. Organon, Omnicare and PharMerica violated Fla. Stat. § 68.082(2) and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Florida from at least 1999 to 2005 by their violations of federal and state laws as described herein.

214. The State of Florida, by and through the Florida Medicaid program and other state healthcare programs, and unaware of the fraudulent and illegal practices of Organon, Omnicare and PharMerica, paid the claims submitted by long-term care pharmacy providers and third party payers in connection therewith.

215. Compliance with applicable Medicare, Medicaid and various other federal and state laws was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Florida in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

216. Had the State of Florida known that Organon, Omnicare and PharMerica were violating the federal and state laws cited herein, it would not have paid the claims submitted by

long-term care pharmacy providers and third party payers in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

217.    As a result of the Defendant's violations of Fla. Stat. § 68.082(2), the State of Florida has been damaged.

218.    There are no bars to recovery under Fla. Stat. § 68.087(3), and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Fla. Stat. § 68.083(2) on behalf of themselves and the State of Florida.

219.    This Court is requested to accept pendant jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Florida in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF FLORIDA:

(1)    Three times the amount of actual damages which the State of Florida has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)    A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Organon, Omnicare and PharMerica caused to be presented to the State of Florida;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)    The maximum amount allowed pursuant to Fla. Stat. § 68.085 and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relators incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## F.   COUNT VI – GEORGIA FALSE CLAIMS ACT

220. Relators repeat and reallege each allegation contained in paragraphs 1 through

219 above as if fully set forth herein.

221. This is a *qui tam* action brought by Relators and the State of Georgia to recover

treble damages and civil penalties under the Georgia False Claims Act, Georgia Code Ann. § 49-

4-168 *et seq.*

222. Georgia Code Ann. § 49-4-168.1 provides liability for any person who-

(1) knowingly presents, or causes to be presented, to an officer or employee of the state a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;

(3) conspires to defraud the state by getting a false or fraudulent claim allowed or paid.

(4) knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state or to any political subdivision.

223. Organon, Omnicare and PharMerica violated Georgia Code Ann. § 49-4-168.1

and knowingly caused hundreds of thousands of false claims to be made, used and presented to

the State of Georgia from at least 1999 to 2005 by their violations of federal and state laws as

described herein.

224. The State of Georgia, by and through the Georgia Medicaid program and other

state health care programs, and unaware of the fraudulent and illegal practices of Organon,

73

Omnicare and PharMerica, paid the claims submitted by long-term care pharmacy providers and third party payers in connection therewith.

225. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Georgia in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

226. Had the State of Georgia known that Organon, Omnicare and PharMerica were violating the federal and state laws cited herein, it would not have paid the claims submitted by long-term care pharmacy providers and third party payers in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

227. As a result of the Defendants' violations of Georgia Code Ann. § 49-4-168.1, the State of Georgia has been damaged.

228. There are no bars to recovery under Georgia Code Ann. § 49-4-168.2, and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Georgia Code Ann. § 49-4-168.1 on behalf of themselves and the State of Georgia.

229. This Court is requested to accept pendant jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Hawaii in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

74

To the STATE OF GEORGIA:

(1)    Three times the amount of actual damages which the State of Georgia has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)    A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Organon, Omnicare and PharMerica caused to be presented to the State of Georgia;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)    The maximum amount allowed pursuant to Georgia Code Ann. § 49-4-168.2 and/or any other applicable provision of law;

(2)    Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3)    An award of reasonable attorneys' fees and costs; and

(4)    Such further relief as this Court deems equitable and just.

## G.    COUNT VII - HAWAII FALSE CLAIMS ACT

230.    Relators repeat and reallege each allegation contained in paragraphs 1 through

229 above as if fully set forth herein.

231.    This is a *qui tam* action brought by Relators and the State of Hawaii to recover

treble damages and civil penalties under the Hawaii False Claims Act, Haw. Rev. Stat. § 661-21

*et seq.*

232.    Haw. Rev. Stat. § 661-21(a) provides liability for any person who-

(1)    knowingly presents, or causes to be presented, to an officer or employee of the state a false or fraudulent claim for payment or approval;

75

(2)     knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;

(3)     conspires to defraud the state by getting a false or fraudulent claim allowed or paid.

(4)     knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state or to any political subdivision.

233.    Organon, Omnicare and PharMerica violated Haw. Rev. Stat. §661-21(a) and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Hawaii from at least 1999 to 2005 by their violations of federal and state laws as described herein.

234.    The State of Hawaii, by and through the Hawaii Medicaid program and other state health care programs, and unaware of the fraudulent and illegal practices of Organon, Omnicare and PharMerica, paid the claims submitted by long-term care pharmacy providers and third party payers in connection therewith.

235.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Hawaii in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

236.    Had the State of Hawaii known that Organon, Omnicare and PharMerica were violating the federal and state laws cited herein, it would not have paid the claims submitted by long-term care pharmacy providers and third party payers in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

237.    As a result of the Defendants' violations of Haw. Rev. Stat. § 661-21(a), the State of Hawaii has been damaged.

76

238.    There are no bars to recovery under Haw. Rev. Stat. § 661-28, and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Haw. Rev. Stat. § 661-25(a) on behalf of themselves and the State of Hawaii.

239.    This Court is requested to accept pendant jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Hawaii in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF HAWAII:

(1)    Three times the amount of actual damages which the State of Hawaii has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)    A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Organon, Omnicare and PharMerica caused to be presented to the State of Hawaii;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)    The maximum amount allowed pursuant to Haw. Rev. Stat. §661-27 and/or any other applicable provision of law;

(2)    Reimbursement for reasonable expenses which Relators incurred in connection with this action;

(3)    An award of reasonable attorneys' fees and costs; and

(4)    Such further relief as this Court deems equitable and just.

77

## H.   COUNT VIII - ILLINOIS WHISTLEBLOWER REWARD AND PROTECTION ACT

240.   Relators repeat and reallege each allegation contained in paragraphs 1 through 239 above as if fully set forth herein.

241.   This is a *qui tam* action brought by Relators and the State of Illinois to recover treble damages and civil penalties under the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175 *et seq.*

242.   740 ILCS 175/3(a) provides liability for any person who-

1.   knowingly presents, or causes to be presented, to an officer or employee of the State or a member of the Guard a false or fraudulent claim for payment or approval;

2.   knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State;

3.   conspires to defraud the State by getting a false or fraudulent claim allowed or paid;

4.   knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state or to any political subdivision.

243.   Organon, Omnicare and PharMerica violated 740 ILCS 175/3(a) and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Illinois from at least 1999 to 2005 by their violations of federal and state laws.

244.   The State of Illinois, by and through the Illinois Medicaid program and other state health care programs, and unaware of the fraudulent and illegal practices of Organon, Omnicare and PharMerica, paid the claims submitted by long-term care pharmacy providers and third party payers in connection therewith.

78

245. Compliance with applicable Medicare, Medicaid and various other federal and state laws was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Illinois in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

246. Had the State of Illinois known that Organon, Omnicare and PharMerica were violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

247. As a result of the Defendants' violations of 740 ILCS 175/3(a), the State of Illinois has been damaged.

248. There are no bars to recovery under 740 ILCS 175/4(e)(4), and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to 740 ILCS 175/3(b) on behalf of themselves and the State of Illinois.

249. This Court is requested to accept pendant jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Illinois in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF ILLINOIS:

(1)     Three times the amount of actual damages which the State of Illinois has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

79

(2)     A civil penalty of not less than \$5,500 and not more than \$11,000 for each false claim which Organon, Omnicare and PharMerica caused to be presented to the State of Illinois;

(3)     Prejudgment interest; and

(4)     All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)     The maximum amount allowed pursuant to 740 ILCS 175/4(d) and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses which Relators incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     ·Such further relief as this Court deems equitable and just.

## I. COUNT IX – INDIANA FALSE CLAIMS ACT

250.    Relators repeat and reallege each allegation contained in paragraphs 1 through

249 above as if fully set forth herein.

251.    This is a *qui tam* action brought by Relators and the State of Indiana to recover

treble damages and civil penalties under the Indiana False Claims Act, Ind. Code §5-11-5.5-1 *et*

*seq.*

252.    Ind. Code §5-11-5.5-1(b) provides liability for any person who-

1.      presents a false claim to the state for payment or approval;
2.      makes or uses a false record or statement to obtain payment or approval of a false claim from the state;

\*\*\*

6.      makes or uses a false record or statement to avoid an obligation to pay or transmit property to the state
7.      conspires with another person to perform an act described in subdivisions (1) through (6).

80

253. Organon, Omnicare and PharMerica violated Ind. Code §5-11-5.5-1(b) and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Indiana from at least 1999 to 2005 by their violations of federal and state laws as described herein.

254. The State of Indiana, by and through the Indiana Medicaid program and other state health care programs, and unaware of the fraudulent and illegal practices of Organon, Omnicare and PharMerica, paid the claims submitted by long-term care pharmacy providers and third party payers in connection therewith.

255. Compliance with applicable Medicare, Medicaid and various other federal and state laws was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Indiana in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

256. Had the State of Indiana known that Organon, Omnicare and PharMerica were violating the federal and state laws cited herein, it would not have paid the claims submitted by long-term care pharmacy providers and third party payers in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

257. As a result of the Defendants' violations of Ind. Code § 5-11-5.5-1(b), the State of Indiana has been damaged.

258. There are no bars to recovery under Ind. Code § 5-11-5.5-7(f), and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Ind. Code §5-11-5.5-1(b) on behalf of themselves and the State of Indiana.

259.   This Court is requested to accept pendant jurisdiction of this related state claim as

it is predicated upon the exact same facts as the federal claim, and merely asserts separate

damage to the State of Indiana in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages

to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF INDIANA:

(1)   Three times the amount of actual damages which the State of Indiana has
       sustained as a result of the fraudulent and illegal practices of Organon, Omnicare
       and PharMerica;

(2)   A civil penalty of not less than $5,500 and not more than $11,000 for each false
       claim which Organon, Omnicare and PharMerica caused to be presented to the
       State of Indiana;

(3)   Prejudgment interest; and

(4)   All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)   The maximum amount allowed pursuant to Ind. Code §5-11-5.5-6(a) and/or any
       other applicable provision of law;

(2)   Reimbursement for reasonable expenses which Relators incurred in connection
       with this action;

(3)   An award of reasonable attorneys' fees and costs; and

(4)   Such further relief as this Court deems equitable and just.

## J.   COUNT X - LOUISIANA MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW

260.   Relators repeat and reallege each allegation contained in paragraphs 1 through

259 above as if fully set forth herein.

261. This is a *qui tam* action brought by Relators and the State of Louisiana to recover treble damages and civil penalties under the Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. Ann.§ 46:437.1 *et seq.*

262. La. Rev. Stat. Ann. § 46:438.3 provides-

   (a) No person shall knowingly present or cause to be presented a false or fraudulent claim;

   (b) No person shall knowingly engage in misrepresentation to obtain, or attempt to obtain, payment from medical assistance program funds; and

   (c) No person shall conspire to defraud, or attempt to defraud, the medical assistance programs through misrepresentation or by obtaining, or attempting to obtain, payment for a false or fraudulent claim.

263. Organon, Omnicare and PharMerica violated La. Rev. Stat. Ann. § 46:438.3 and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Louisiana from at least 1999 to 2005 by their violations of federal and state laws as described herein.

264. The State of Louisiana, by and through the Louisiana Medicaid program and other state health care programs, and unaware of the fraudulent and illegal practices of Organon, Omnicare and PharMerica, paid the claims submitted by long-term care pharmacy providers and third party payers in connection therewith.

265. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Louisiana in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

83

266. Had the State of Louisiana known that Organon, Omnicare and PharMerica were violating the federal and state laws cited herein, it would not have paid the claims submitted by long-term care pharmacy providers and third party payers in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

267. As a result of the Defendants' violations of La. Rev. Stat. Ann. § 46:438.3 the State of Louisiana has been damaged.

268. There are no bars to recovery under La. Rev. Stat. Ann. § 46:439.1(E), and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to La. Rev. Stat. Ann. § 46:439.1(A) on behalf of themselves and the State of Louisiana.

269. This Court is requested to accept pendant jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Louisiana in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF LOUISIANA:

(1)    Three times the amount of actual damages which the State of Louisiana has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)    A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Organon, Omnicare and PharMerica caused to be presented to the State of Louisiana;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

84

To RELATORS BANIGAN AND TEMPLIN:

(1)     The maximum amount allowed pursuant to La. Rev. Stat. § 46:439.4(A) and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses which Relators incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## K.     COUNT XI - MASSACHUSETTS CLAIMS ACT

270.    Relators repeat and reallege each allegation contained in paragraphs 1 through

269 above as if fully set forth herein.

271.    This is a *qui tam* action brought by Relators and the Commonwealth of

Massachusetts for treble damages and penalties under Massachusetts False Claims Act, Mass.

Gen. Laws Ann. 12 § 5(A) *et seq.*

272.    Mass. Gen. Laws Ann. 12 § 5B provides liability for any person who-

(1)     knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(2)     knowingly makes, uses, or causes to be made or used, a false record or statement to obtain payment or approval of a claim by the commonwealth or any political subdivision thereof;

(3)     conspires to defraud the commonwealth or any political subdivision thereof through the allowance or payment of a fraudulent claim;

(4)     knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or to transmit money or property to the commonwealth or political subdivision thereof.

273.    Organon, Omnicare and PharMerica violated Mass. Gen. Laws Ann. 12 § 5B and

knowingly caused hundreds of thousands of false claims to be made, used and presented to the

Commonwealth of Massachusetts from at least 1999 to 2005 by their violations of federal and state laws as described herein.

274. The Commonwealth of Massachusetts, by and through the Massachusetts Medicaid program and other state health care programs, and unaware of the fraudulent and illegal practices of Organon, Omnicare and PharMerica, paid the claims submitted by long-term care pharmacy providers and third party payers in connection therewith.

275. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the Commonwealth of Massachusetts in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

276. Had the Commonwealth of Massachusetts known that Organon, Omnicare and PharMerica were violating the federal and state laws cited herein, it would not have paid the claims submitted by long-term care pharmacy providers and third party payers in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

277. As a result of the Defendants' violations of Mass. Gen. Laws Ann. 12 § 5B, the Commonwealth of Massachusetts has been damaged.

278. There are no bars to recovery under Mass. Gen. Laws Ann. 12 § 5G, and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Mass. Gen. Laws Ann. 12 § 5C(2) on behalf of themselves and the Commonwealth of Massachusetts.

279.    This Court is requested to accept pendant jurisdiction of this related state claim as

it is predicated upon the exact same facts as the federal claim, and merely asserts separate

damage to the Commonwealth of Massachusetts in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages

to the following parties and against Organon, Omnicare and PharMerica:

To the COMMONWEALTH OF MASSACHUSETTS:

(1)     Three times the amount of actual damages which the Commonwealth of
        Massachusetts has sustained as a result of the fraudulent and illegal practices of
        Organon, Omnicare and PharMerica;

(2)     A civil penalty of not less than $5,500 and not more than $11,000 for each false
        claim which Organon, Omnicare and PharMerica caused to be presented to the
        Commonwealth of Massachusetts;

(3)     Prejudgment interest; and

(4)     All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)     The maximum amount allowed pursuant to Mass. Gen. Laws Ann.12, §5F and/or
        any other applicable provision of law;

(2)     Reimbursement for reasonable expenses which Relators incurred in connection
        with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## L. COUNT XII - MICHIGAN CLAIMS ACT

280.    Relators repeat and reallege each allegation contained in paragraphs 1 through

279 above as if fully set forth herein.

281.    This is a *qui tam* action brought by Relators and the State of Michigan for treble

damages and penalties under Michigan False Claims Act, Mich. Comp. L. § 400.601 *et seq.*

282.    Mich. Comp. L. §§ 400.603, 400.606 and 400.607 provides liability for any

person who-

- (1)    knowingly makes or causes to be made a false statement or false representation of a material fact for use in determining rights to a Medicaid benefit;

- (2)    knowingly makes or presents or causes to be made or presented to an employee or officer of this state claim under Medicaid;

- (3)    conspires to defraud the commonwealth or any political subdivision thereof through the allowance or payment of a fraudulent claim.

283.    Organon, Omnicare and PharMerica violated Mich. Comp. L. §§ 400.603, 400.606 and 400.607 and knowingly caused hundreds of thousands of false claims to be made, used and presented to the State of Michigan from at least 1999 to 2005 by their violations of federal and state laws as described herein.

284.    The State of Michigan, by and through the Michigan Medicaid program and other state health care programs, and unaware of the fraudulent and illegal practices of Organon, Omnicare and PharMerica, paid the claims submitted by long-term care pharmacy providers and third party payers in connection therewith.

285.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Michigan in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

286.    Had the State of Michigan known that Organon, Omnicare and PharMerica were violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

287.   As a result of the Defendants' violations of Mich. Comp. L. §§ 400.603, 400.606 and 400.607, the State of Michigan has been damaged.

288.   There are no bars to recovery under Mich. Comp. L. § 400.610a(13), and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Mich. Comp. L. § 400.610a(9) on behalf of themselves and the State of Michigan.

289.   This Court is requested to accept pendant jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Michigan in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF MICHIGAN:

(1)   Three times the amount of actual damages which the State of Michigan has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)   A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Organon, Omnicare and PharMerica caused to be presented to the State of Michigan;

(3)   Prejudgment interest; and

(4)   All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)   The maximum amount allowed pursuant to Mich. Comp. L. §400.610a(9) and/or any other applicable provision of law;

(2)   Reimbursement for reasonable expenses which Relators incurred in connection with this action;

89

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

**M.     COUNT XIII - MONTANA CLAIMS ACT**

290.    Relators repeat and reallege each allegation contained in paragraphs 1 through

289 above as if fully set forth herein.

291.    This is a *qui tam* action brought by Relators and the State of Montana for treble

damages and penalties under Montana False Claims Act, Mont. Code Ann. § 17-8-401 *et seq.*

292.    Mont. Code Ann. § 17-8-403(1) provides liability for any person who-

(1)     knowingly presents, or causes to be presented, a false or fraudulent claim for
        payment or approval;

(2)     knowingly makes, uses, or causes to be made or used, a false record or statement
        to obtain payment or approval of a claim by the commonwealth or any political
        subdivision thereof;

(3) .   conspires to defraud the commonwealth or any political subdivision thereof
        through the allowance or payment of a fraudulent claim;

(4)     knowingly makes, uses, or causes to be made or used a false record or statement
        to conceal, avoid, or decrease an obligation to pay or transmit money or property
        to the governmental entity or its contractors.

293.    Organon, Omnicare and PharMerica violated Mont. Code Ann. § 17-8-403(1) and

knowingly caused hundreds of thousands of false claims to be made, used and presented to the

State of Montana from at least 1999 to 2005 by their violations of federal and state laws as

described herein.

294.    The State of Montana, by and through the Montana Medicaid program and other

state health care programs, and unaware of the fraudulent and illegal practices of Organon,

90

Omnicare and PharMerica, paid the claims submitted by long-term care pharmacy providers and third party payers in connection therewith.

295. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Montana in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

296. Had the State of Montana known that Organon, Omnicare and PharMerica were violating the federal and state laws cited herein, it would not have paid the claims submitted by long-term care pharmacy providers and third party payers in connection with the fraudulent and illegal practices of Organon, Omnicare and PharMerica.

297. As a result of the Defendants' violations of Mont. Code Ann. § 17-8-403(1), the State of Montana has been damaged.

298. There are no bars to recovery under Mont. Code Ann. § 17-8-403(5)(c), and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Mont. Code Ann. § 17-8-410 on behalf of themselves and the State of Montana.

299. This Court is requested to accept pendant jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Montana in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

91

To the STATE OF MONTANA:

(1)     Three times the amount of actual damages which the State of Montana has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)     A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Organon, Omnicare and PharMerica caused to be presented to the State of Montana;

(3)     Prejudgment interest; and

(4)     All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:
(1)     The maximum amount allowed pursuant to Mont. Code Ann. § 17-8-410 and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses which Relators incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## N.     COUNT X IV- NEVADA FALSE CLAIMS ACT

300.    Relators repeat and reallege each allegation contained in paragraphs 1 through 299 above as if fully set forth herein.

301.    This is a *qui tam* action brought by Relators and the State of Nevada to recover treble damages and civil penalties under the Nevada False Claims Act, N.R.S. § 357.010, *et. seq.*

92