390.     Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of Michigan's payment decision.

391.     The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of Michigan's loss, and a consequence of the scheme.

392.     As a result of the Defendants' violations of Mich. Comp. L. §§ 400.603, 400.606 and 400.607, the State of Michigan has been damaged.

393.     There are no bars to recovery under Mich. Comp. L. § 400.610a(13), and, or in the alternative, Relators are original sources as defined therein.  Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Mich. Comp. L.  § 400.610a(9) on behalf of themselves and the State of Michigan.

394.     This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Michigan in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF MICHIGAN:

(1)     Three times the amount of actual damages which the State of Michigan has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)     A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that Organon, Omnicare and PharMerica caused to be presented to the State of Michigan;

(3)     Prejudgment interest; and

(4)     All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)     The maximum amount allowed pursuant to Mich. Comp. L. §400.610a(9) and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## Q.     COUNT XVII - MONTANA FALSE CLAIMS ACT

395.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

396.    This is a *qui tam* action brought by  Relators and the State of Montana for treble damages and penalties under Montana False Claims Act, Mont. Code Ann. § 17-8-401 *et seq.*

397.    Mont. Code Ann. § 17-8-403(1) provides liability for any person who-

(1)     knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(2)     knowingly makes, uses, or causes to be made or used, a false record or statement to obtain payment or approval of a claim by the commonwealth or any political subdivision thereof;

(3)     conspires to defraud the commonwealth or any political subdivision thereof through the allowance or payment of a fraudulent claim;

(4)     knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the governmental entity or its contractors.

398.    Organon, Omnicare and PharMerica knowingly violated Mont. Code Ann. § 17-8-403(1) from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute and the Montana Anti-Kickback Statute (Mont. Code Ann § 45-6-313), as described herein.

399.    As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the Montana Medicaid program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback Statute and the Montana Anti-Kickback Statute (Mont. Code Ann § 45-6-313).  Compliance with federal and state laws and regulations were conditions of payment.

400.    The State of Montana, by and through the Montana Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

401.    Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of Montana's payment decision.

402.    The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of Montana's loss, and a consequence of the scheme.

403.    As a result of the Defendants' violations of Mont. Code Ann. § 17-8-403(1), the State of Montana has been damaged.

404.    There are no bars to recovery under Mont. Code Ann. § 17-8-403(5)(c), and, or in the alternative, Relators are original sources as defined therein.  Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Mont. Code Ann. § 17-8-410 on behalf of themselves and the State of Montana.

405.    This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Montana in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF MONTANA:

(1)    Three times the amount of actual damages which the State of Montana has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)    A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that Organon, Omnicare and PharMerica caused to be presented to the State of Montana;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)    The maximum amount allowed pursuant to Mont. Code Ann. § 17-8-410 and/or any other applicable provision of law;

(2)    Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)    An award of reasonable attorneys' fees and costs; and

(4)    Such further relief as this Court deems equitable and just.

### R.   COUNT XVIII- NEVADA FALSE CLAIMS ACT

406.   Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

407.   This is a *qui tam* action brought by Relators and the State of Nevada to recover treble damages and civil penalties under the Nevada False Claims Act, N.R.S. § 357.010, *et seq.*

408.   N.R.S. § 357.040(1) provides liability for any person who-

(1)   knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(2)   knowingly makes, uses, or causes to be made or used, a false record or statement to obtain payment or approval of a claim by the state or any political subdivision thereof;

(3)   conspires to defraud the state or any political subdivision thereof through the allowance or payment of a fraudulent claim;

(4)   knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the governmental entity or its contractors.

409.   Organon, Omnicare and PharMerica knowingly violated  N.R.S. § 357.040(1) from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute and the Nevada Anti-Kickback Statute (N.R.S. § 422.560), as described herein.

410.     As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the Nevada Medicaid program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback

Statute and the Nevada Anti-Kickback Statute (N.R.S. § 422.560). Compliance with federal and state laws and regulations were conditions of payment.

411. The State of Nevada, by and through the Nevada Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

412. Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of Nevada's payment decision.

413. The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of Nevada's loss, and a consequence of the scheme.

414. As a result of the Defendants' violations of N.R.S. § 357.040(1) the State of Nevada has been damaged.

415. There are no bars to recovery under N.R.S. § 357.100, and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to N.R.S. § 357.080(1) on behalf of themselves and the State of Nevada.

416. This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Nevada in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF NEVADA:

(1)     Three times the amount of actual damages which the State of Nevada has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)     A civil penalty of not less than $2,000 and not more than $11,000 for each false claim that Organon, Omnicare and PharMerica caused to be presented to the State of Nevada;

(3)     Prejudgment interest; and

(4)     All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)     The maximum amount allowed pursuant to N.R.S. § 357.210 and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

### S.     COUNT XIX – NEW HAMPSHIRE MEDICAID FRAUD AND FALSE CLAIMS ACT

417.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

418.

418.    This is a *qui tam* action brought by Relators and the State of New Hampshire to recover treble damages and civil penalties under the New Hampshire Medicaid Fraud and False Claims Act, N.H. Rev. Stat. Ann. § 167:61 *et. seq.*

419.    N.H. Rev. Stat. Ann. §167:61-b(I) provides liability for any person who-

(1)     knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(2)     knowingly makes, uses, or causes to be made or used, a false record or statement to obtain payment or approval of a claim by the state or any political subdivision thereof;

    (3)      conspires to defraud the state or any political subdivision thereof through the allowance or payment of a fraudulent claim;

    (4)      knowingly making, using, or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the governmental entity or its contractors.

420.    Organon, Omnicare and PharMerica knowingly violated N.H. Rev. Stat. Ann. §167:61-b(I) from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute as described herein.

421.    As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the New Hampshire Medicaid program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback Statute.  Compliance with federal and state laws and regulations were conditions of payment.

422.    The State of New Hampshire, by and through the New Hampshire Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

423.    Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of New Hampshire's payment decision.

424.    The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of New Hampshire's loss, and a consequence of the scheme.

425.    As a result of the Defendants' violations of N.H. Rev. Stat. Ann. §167:61(I), the State of New Hampshire has been damaged.

426.    There are no bars to recovery under N.H. Rev. Stat. Ann. § 167:61-e(III)(d), and, or in the alternative, Relators are original sources as defined therein.  Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to N.H. Rev. Stat. Ann. §167:61-e  on behalf of themselves and the State of New Hampshire.

427.    This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of New Hampshire in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF NEW HAMPSHIRE:

(1)    Three times the amount of actual damages which the State of New Hampshire has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)    A civil penalty of not less than $5,000 and not more than $10,000 for each false claim that Organon, Omnicare and PharMerica caused to be presented to the State of New Hampshire;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)    The maximum amount allowed pursuant to N.H. Rev. Stat. Ann. §167:61-e and/or any other applicable provision of law;

(2)    Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## T.     COUNT XX - NEW JERSEY FALSE CLAIMS ACT

428.     Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

429.     This is a qui tam action brought by Relators and the State of New Jersey to recover treble damages and civil penalties under the New Jersey False Claims Act, N.J. Stat. Ann. §§ 2A:32-C1–2A:32-C18.

430.     N.J. Stat. Ann. § 2A:32C-3 provides liability for any person who-

(a)     knowingly presents or causes to be presented to an employee, officer or agent of the State, or to any contractor, grantee, or other recipient of State funds, a false or fraudulent claim for payment or approval;

(b)     knowingly makes, uses, or causes to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State;

(c)     conspires to defraud the State by getting a false or fraudulent claim allowed or paid by the State.

431.     Organon, Omnicare and PharMerica knowingly violated N.J. Stat. Ann. § 2A:32C-3 from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute, as described herein.

432.     As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the New Jersey Medicaid program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations

prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback Statute.  Compliance with federal and state laws and regulations were conditions of payment.

433.    The State of New Jersey, by and through the New Jersey Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

434.    Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of New Jersey's payment decision.

435.    The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of New Jersey's loss, and a consequence of the scheme.

436.    As a result of the Defendants' violations of N.J. Stat. Ann. § 2A:32C-3, the State of New Jersey has been damaged.

437.    There are no bars to recovery under N.J. Stat. Ann. § 2A:32C-9(c), and, or in the alternative, Relators are original sources as defined therein.  Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to N.J. Stat. Ann. § 2A:32C-5(b) on behalf of themselves and the State of New Jersey.

438.    This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of New Jersey in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF NEW JERSEY:

    (1)    Three times the amount of actual damages which the State of New Jersey has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

    (2)    A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that Organon, Omnicare and PharMerica caused to be presented to the State of New Jersey;

    (3)    Prejudgment interest; and

    (4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

    (1)    The maximum amount allowed pursuant to N.J. Stat. Ann. § 2A:32C-37 and/or any other applicable provision of law;

    (2)    Reimbursement for reasonable expenses that Relators incurred in connection with this action;

    (3)    An award of reasonable attorneys' fees and costs; and

    (4)    Such further relief as this Court deems equitable and just.

## U.    COUNT XXI - NEW MEXICO FALSE CLAIMS ACTS

439.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

440.    This is a *qui tam* action brought by Relators and State of New Mexico to recover treble damages and civil penalties under the New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27-14-1 *et seq*. and the New Mexico Fraud Against Taxpayers Act, N.M. Stat. Ann. § 44-9-1 *et seq*.

441.    N.M. Stat. Ann. § 27-14-4 provides liability for any person who-

    (1)    presents, or causes to be presented, to the state a claim for payment under the Medicaid program knowing that such claim is false or fraudulent;

(2)     presents, or causes to be presented, to the state a claim for payment under the Medicaid program knowing that the person receiving a Medicaid benefit or payment is not authorized or is not eligible for a benefit under the Medicaid program;

(3)     makes, uses or causes to be made or used a record or statement to obtain a false or fraudulent claim under the Medicaid program paid for or approved by the state knowing such record or statement is false;

(4)     conspires to defraud the state by getting a claim allowed or paid under the Medicaid program knowing that such claim is false or fraudulent;

(5)     knowingly making, using, or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the governmental entity or its contractors.

442.    N.M. Stat. Ann. § 44-9-3 provides liability for any person who-

(a)     knowingly presents or causes to be presented to an employee, officer or agent of the State, or to any contractor, grantee, or other recipient of State funds, a false or fraudulent claim for payment or approval;

(b)     knowingly makes, uses, or causes to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State;

(c)     conspires to defraud the State by getting a false or fraudulent claim allowed or paid by the State;

(d)     knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the governmental entity or its contractors.

443.    Organon, Omnicare and PharMerica knowingly violated N.M. Stat. Ann. § 27-14-4 and/or N.M. Stat. Ann. § 44-9-3 from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute and the New Mexico Anti-Kickback Statute (N.M. Stat Ann. § 30-44-7), as described herein.

444.    As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the New Mexico Medicaid

142

program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback Statute and the New Mexico Anti-Kickback Statute (N.M. Stat Ann. § 30-44-7).  Compliance with federal and state laws and regulations were conditions of payment.

445.    The State of New Mexico, by and through the State of New Mexico Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

446.    Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of New Mexico's payment decision.

447.    The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of New Mexico's loss, and a consequence of the scheme.

448.    As a result of the Defendants' violations of N.M. Stat. Ann. § 27-14-4 and/or N.M. Stat. Ann. § 44-9-3 the State of New Mexico has been damaged.

449.    There are no bars to recovery under N.M. Stat. Ann. § 27-14-10(C), N.M. Stat. Ann. § 44-9-9, and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to N.M. Stat. Ann. § 27-14-7 and N.M. Stat. Ann. § 44-9-3 on behalf of themselves and the State of New Mexico

450.    This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of New Mexico in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF NEW MEXICO:

(1)    Three times the amount of actual damages which the State of New Mexico has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)    A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that Organon, Omnicare and PharMerica caused to be presented to the State of New Mexico;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)    The maximum amount allowed pursuant to N.M. Stat. Ann. § 27-14-4, N.M. Stat. Ann. § 44-9-7 and/or any other applicable provision of law;

(2)    Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)    An award of reasonable attorneys' fees and costs; and

(4)    Such further relief as this Court deems equitable and just.

## V.    COUNT XXII- NEW YORK FALSE CLAIMS ACT

451.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

452.     This is a *qui tam* action brought by  Relators and State of New York to recover

treble damages and civil penalties under the New York False Claims Act, Bill S02108, § 187 *et*

*seq*. (effective April 2007).

453.     Bill S02108, § 189 provides liability for any person who-

(1)     knowingly presents, or causes to be presented, a false or fraudulent claim for
        payment or approval;

(2)     knowingly makes, uses, or causes to be made or used, a false record or statement
        to obtain payment or approval of a claim by the commonwealth or any political
        subdivision thereof;

(3)     conspires to defraud the commonwealth or any political subdivision thereof
        through the allowance or payment of a fraudulent claim;

(4)     knowingly making, using, or causing to be made or used a false record or
        statement to conceal, avoid, or decrease an obligation to pay or transmit money or
        property to the governmental entity or its contractors.

454.     Organon, Omnicare and PharMerica knowingly violated Bill S02108 from at least

1999 to 2005 by violating the Federal Anti-Kickback Statute, as described herein.

455.     As a result of Organon's off-label marketing, kickback and best price schemes, all

of the claims that Organon caused long-term care pharmacies, such as Omnicare and

PharMerica, pharmacists, and physicians to knowingly submit to the New York Medicaid

program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-

term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or

impliedly, and represent full compliance with all federal and state laws and regulations

prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback

Statute.  Compliance with federal and state laws and regulations were conditions of payment.

456.     The State of New York, by and through the State of New York Medicaid program

and other state health care programs, paid the false and/or fraudulent claims.

457.    Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of New York's payment decision.

458.    The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of New York's loss, and a consequence of the scheme.

459.    As a result of the Defendants' violations of Bill S02108 the State of New York has been damaged.

460.    There are no bars to recovery under Bill S02108, and, or in the alternative, Relators are original sources as defined therein.  Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Bill S02108 on behalf of themselves and the State of New York.

461.    This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of New York in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF NEW YORK:

(1)    Three times the amount of actual damages which the State of New York has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)    A civil penalty of not less than $6,000 and not more than $12,000 for each false claim that Organon, Omnicare and PharMerica caused to be presented to the State of New York;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)    The maximum amount allowed pursuant to Bill S02108 and/or any other applicable provision of law;

(2)    Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)    An award of reasonable attorneys' fees and costs; and

(4)    Such further relief as this Court deems equitable and just.

## W.    COUNT XXIII - OKLAHOMA FALSE CLAIMS ACT

462.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

463.    This is a *qui tam* action brought by  Relators and the State of Oklahoma to recover treble damages and civil penalties under the Oklahoma Medicaid False Claims Act, Oklahoma S.B. 889, 2007 O.S.L. 137.

464.    S.B. 889, 2007 O.S.L. 137 provides liability for any person who-

(a)    presents, or causes to be presented to the state, a claim for payment under the Medicaid program knowing such claim is false or fraudulent;

(b)    makes or uses, or causes to be made or used, a record or statement to get a false or fraudulent claim under the Medicaid program paid for or approved by the state knowing such record or statement is false;

(c)    conspires to defraud the State by getting a claim allowed or paid under the Medicaid program knowing such claim is false or fraudulent;

(d)    knowingly making, using, or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the governmental entity or its contractors.

465.    Organon, Omnicare and PharMerica knowingly violated S.B. 889, 2007 O.S.L. 137 from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute and the Oklahoma Anti-Kickback Statute (56 Okla. Stat. Ann. § 1005), as described herein.

466.    As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the Oklahoma Medicaid program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback Statute  and the Oklahoma Anti-Kickback Statute (56 Okla. Stat. Ann. § 1005).  Compliance with federal and state laws and regulations were conditions of payment.

467.    The State of Oklahoma, by and through the Oklahoma Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

468.    Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of Oklahoma's payment decision.

469.    The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of Oklahoma's loss, and a consequence of the scheme.

470.    As a result of the Defendants' violations of S.B. 889, 2007 O.S.L. 137, the State of Oklahoma has been damaged.

471.     There are no bars to recovery under S.B. 889, 2007 O.S.L. 137, and, or in the alternative, Relators are original sources as defined therein.   Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to S.B. 889, 2007 O.S.L. 137 on behalf of themselves and the State of Oklahoma.

472.     This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Oklahoma in the operation of its Medicaid program.

WHEREFORE, Relators respectfully requests this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF OKLAHOMA:

(1)     Three times the amount of actual damages which the State of Oklahoma has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)     A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that Organon, Omnicare and PharMerica caused to be presented to the State of Oklahoma;

(3)     Prejudgment interest; and

(4)     All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)     The maximum amount allowed pursuant to S.B. 889, 2007 O.S.L. 137, and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## X.      COUNT XXIV - RHODE ISLAND STATE FALSE CLAIMS ACT

473.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

474.    This is a *qui tam* action brought by  Relators and the State of Rhode Island to recover treble damages and civil penalties under the Rhode Island State False Claims Act, R.I. Gen. Laws § 9-1.1-1 *et seq*.

475.    R.I. Gen. Laws § 9-1.1-3 provides liability for any person who-

(a)     knowingly presents, or causes to be presented, to an officer or employee of the state or a member of the guard a false or fraudulent claim for payment or approval;

(b)     knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;

(c)     conspires to defraud the state by getting a false or fraudulent claim allowed or paid.

476.    Organon, Omnicare and PharMerica knowingly violated R.I. Gen. Laws § 9-1.1-3 from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute and the Rhode Island Anti-Kickback Statutes (R.I. Gen Laws 5-48.1-3 and 40-8.2-3), as described herein.

477.    As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the Rhode Island Medicaid program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback

Statute and the Rhode Island Anti-Kickback Statutes (R.I. Gen Laws 5-48.1-3 and 40-8.2-3). Compliance with federal and state laws and regulations were conditions of payment.

478.   The State of Rhode Island, by and through the Rhode Island Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

479.   Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of Rhode Island's payment decision.

480.   The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of Rhode Island's loss, and a consequence of the scheme.

481.   As a result of the Defendants' violations of R.I. Gen. Laws § 9-1.1-3, the State of Rhode Island has been damaged.

482.   There are no bars to recovery under R.I. Gen. Laws § 9-1.1-4(e)(3), and, or in the alternative, Relators are original sources as defined therein.   Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to R.I. § 9-1.1-4(b) on behalf of themselves and the State of Rhode Island.

483.   This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Rhode Island in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF RHODE ISLAND:

(1)     Three times the amount of actual damages which the State of Rhode Island has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)     A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that Organon, Omnicare and PharMerica caused to be presented to the State of Rhode Island;

(3)     Prejudgment interest; and

(4)     All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)     The maximum amount allowed pursuant to R.I. Gen. Laws § 9-1.1-4(d) and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## Y.     Count XXV - TENNESSEE MEDICAID FALSE CLAIMS ACT

484.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

485.    This is a *qui tam* action brought by Relators and the State of Tennessee to recover treble damages and civil penalties under the Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-181 *et seq.*

486.    § 71-5-182(a)(1) provides liability for any person who-

(a)     presents, or causes to be presented to the state, a claim for payment under the Medicaid program knowing such claim is false or fraudulent;

(b)     makes or uses, or causes to be made or used, a record or statement to get a false or fraudulent claim under the Medicaid program paid for or approved by the state knowing such record or statement is false;

(c)    conspires to defraud the State by getting a claim allowed or paid under the Medicaid program knowing such claim is false or fraudulent;

(d)    knowingly making, using, or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the governmental entity or its contractors.

487.    Organon, Omnicare and PharMerica knowingly violated Tenn. Code Ann. § 71-5-182(a)(1) from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute and the Tennessee Anti-Kickback Statute (Tenn. Code Ann. § 71-5-182), as described herein.

488.    As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the Tennessee Medicaid program are false or fraudulent. Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback Statute and the Tennessee Anti-Kickback Statute (Tenn. Code Ann. § 71-5-182). Compliance with federal and state laws and regulations were conditions of payment.

489.    The State of Tennessee, by and through the Tennessee Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

490.    Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of Tennessee's payment decision.

491.    The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state

Medicaid programs was a foreseeable factor in the State of Tennessee's loss, and a consequence of the scheme.

492.    As a result of the Defendants' violations of Tenn. Code Ann. § 71-5-182(a)(1), the State of Tennessee has been damaged.

493.    There are no bars to recovery under Tenn. Code Ann. § 71-5-183(e)(2), and, or in the alternative, Relators are original sources as defined therein.    Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Tenn. Code Ann. § 71-5-183(a)(1) on behalf of themselves and the State of Tennessee.

494.    This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Tennessee in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF TENNESSEE:

(1)    Three times the amount of actual damages which the State of Tennessee has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)    A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that Organon, Omnicare and PharMerica caused to be presented to the State of Tennessee;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)    The maximum amount allowed pursuant to Tenn. Code Ann. § 71-5-183(c) and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## Z.     COUNT XXVI - TEXAS FALSE CLAIMS ACT

495.     Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

496.

496.     This is a *qui tam* action brought by Relators and the State of Texas to recover double damages and civil penalties under V.T.C.A. Hum. Res. Code § 36.001 *et seq.*

497.     V.T.C.A. Hum. Res. Code § 36.002 provides liability for any person who-

(1)     knowingly or intentionally makes or causes to be made a false statement or misrepresentation of a material fact:

(a)     on an application for a contract, benefit, or payment under the Medicaid program; or

(b)     that is intended to be used to determine its eligibility for a benefit or payment under the Medicaid program.

(2)     knowingly or intentionally concealing or failing to disclose an event:

(a)     that the person knows affects the initial or continued right to a benefit or payment under the Medicaid program of:

(i) the person; or

(ii) another person on whose behalf the person has applied for a benefit or payment or is receiving a benefit or payment; and

(b)     to permit a person to receive a benefit or payment that is not authorized or that is greater than the payment or benefit that is authorized;

(3)     knowingly or intentionally makes, causes to be made, induces, or seek to induce the making of a false statement or misrepresentation of material fact concerning:

(a)      information required to be provided by a federal or state law, rule, regulation, or provider agreement pertaining to the Medicaid program;

(b)      knowingly or intentionally charges, solicits, accepts, or receives, in addition to an amount paid under the Medicaid program, a gift, money, a donation, or other consideration as a condition to the provision of a service or continued service to a Medicaid recipient if the cost of the service provided to the Medicaid recipient is paid for, in whole or in part, under the Medicaid program.

498.     Organon, Omnicare and PharMerica knowingly violated V.T.C.A. Hum. Res. Code § 36.002 from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute and the Texas Anti-Kickback Statute (V.T.CA Hum. Res. Code § 32.039), as described herein.

499.     As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the Texas Medicaid program are false or fraudulent. Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback Statute and the Texas Anti-Kickback Statute (V.T.CA Hum. Res. Code § 32.039). Compliance with federal and state laws and regulations were conditions of payment.

500.     The State of Texas, by and through the Texas Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

501.     Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of Texas's payment decision.

502.    The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of Texas's loss, and a consequence of the scheme.

503.    As a result of the Defendants' violations of V.T.C.A. Hum. Res. Code § 36.002, the State of Texas has been damaged in an amount far in excess of millions of dollars exclusive of interest.

504.    There are no bars to recovery under V.T.C.A. Hum. Res. Code § 36.113(b), and, or in the alternative, Relators are original sources as defined therein.  Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to V.T.C.A. Hum. Res. Code § 36.101 on behalf of themselves and the State of Texas.

505.    This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Texas in the operation of its Medicaid program.

WHEREFORE, Relators respectfully requests this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF TEXAS:

(1)    Two times the amount of actual damages which the State of Texas has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)    A civil penalty as described in V.T.C.A. Hum. Res. Code § 36.025(a)(3) for each false claim that Organon, Omnicare and PharMerica cause to be presented to the State of Texas;

(3)    Prejudgment interest; and

(4)     All costs incurred in bringing this action.

To Relators Banigan and Templin:

(1)     The maximum amount allowed pursuant to V.T.C.A. Hum. Res. Code § 36.110, and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## AA.    Count XXVII - Virginia Fraud Against Taxpayer Act

506.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

507.    This is a *qui tam* action brought by Relators and Commonwealth of Virginia to recover treble damages and civil penalties under the Virginia Fraud Against Taxpayer Act, Va. Code § 8.01-216.01 *et seq.*

508.    Va. Code § 8.01-216.3 provides liability for any person who-

(1)     knowingly presents, or causes to be presented, to an officer or employee of the State a false or fraudulent claim for payment or approval;

(2)     knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State;

(3)     conspires to defraud the State by getting a false or fraudulent claim allowed or paid;

(4)     knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the governmental entity or its contractors.

509.    Organon, Omnicare and PharMerica knowingly violated Va. Code § 8.01-216.3 from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute and the Virginia Anti-Kickback Statute (Va. Code Ann. § 32.1-315), as described herein.

510.     As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the Virginia Medicaid program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback Statute and the Virginia Anti-Kickback Statute (V.T.CA Hum. Res. Code § 32.039). Compliance with federal and state laws and regulations were conditions of payment.

511.     The Commonwealth of Virginia, by and through the Commonwealth of Virginia Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

512.     Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the Commonwealth of Virginia's payment decision.

513.     The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the Commonwealth of Virginia's loss, and a consequence of the scheme.

514.     As a result of the Defendants' violations of Va. Code § 8.01-216.3 the Commonwealth of Virginia has been damaged.

515.     There are no bars to recovery under Va. Code § 8.01-216.8, and, or in the alternative, Relators are original sources as defined therein.  Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this

action pursuant to Va. Code § 8.01-216.5 on behalf of themselves and the Commonwealth of Virginia.

516.     This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the Commonwealth of Virginia in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the COMMONWEALTH OF VIRGINIA:

(1)     Three times the amount of actual damages which the State of Virginia has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)     A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that Organon, Omnicare and PharMerica caused to be presented to the State of Virginia;

(3)     Prejudgment interest; and

(4)     All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)     The maximum amount allowed pursuant to Va. Code § 8.01-216.7 and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## BB.     COUNT XXVIII - WISCONSIN FALSE CLAIMS ACT

517.     Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

518.    This is a *qui tam* action brought by Relators and the State of Wisconsin to recover treble damages and civil penalties under the Wisconsin False Claims Act, Wis. Stat. Ann. § 20.931 *et seq.*

519.    Wis. Stat. Ann. § 20.931(2) provides liability for any person who-

(1)    knowingly presents, or causes to be presented, to an officer or employee of the State a false or fraudulent claim for payment or approval;

(2)    knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State;

(5)    conspires to defraud the State by getting a false or fraudulent claim allowed or paid;

(6)    knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the governmental entity or its contractors.

520.    Organon, Omnicare and PharMerica knowingly violated Wis. Stat. Ann. § 20.931(2) from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute, as described herein.

521.    As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the Wisconsin Medicaid program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback Statute.  Compliance with federal and state laws and regulations were conditions of payment.

522.    The State of Wisconsin, by and through the State of Wisconsin Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

523.     Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of Wisconsin's payment decision.

524.     The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of Wisconsin's loss, and a consequence of the scheme.

525.     As a result of the Defendants' violations of Wis. Stat. Ann. § 20.931(2), the State of Wisconsin has been damaged.

526.     Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Wis. Stat. Ann. § 20.931 on behalf of themselves and the State of Wisconsin.

527.     This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Wisconsin in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare and PharMerica:

To the STATE OF WISCONSIN:

(1)     Three times the amount of actual damages that the State of Wisconsin has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare and PharMerica;

(2)     A civil penalty of not less than $5,500 and not more than $11,000 for each false claim that Organon, Omnicare and PharMerica caused to be presented to the State of Wisconsin;

(3)     Prejudgment interest; and

(4)     All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)     The maximum amount allowed pursuant to Wis. Stat. Ann. § 20.931(11) and/or any other applicable provision of law;

(2)     Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)     An award of reasonable attorneys' fees and costs; and

(4)     Such further relief as this Court deems equitable and just.

## CC.    COUNT XXIX – CONNECTICUT ACT IMPLEMENTING THE PROVISIONS OF THE BUDGET CONCERNING HUMAN SERVICES AND MAKING CHANGES TO VARIOUS SOCIAL SERVICES STATUTES (Conn. Pub. Act. No. 09-5)

528.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

529.    This is a *qui tam* action brought by Relator and the State of Connecticut to recover treble damages and civil penalties under the Connecticut Act Implementing the Provisions of the Budget Concerning Human Services and Making Changes to Various Social Services Statutes, Conn. Pub. Act. No. 09-5.

530.    Conn. Pub. Act No. 09-5, § 2 provides liability for any person who

(a)     knowingly presents, or causes to be presented, to an officer or employee of the state a false or fraudulent claim for payment or approval under medical assistance programs administered by the Department of Social Services;

(b)     knowingly makes, uses or causes to be made or used, a false record or statement to secure the payment or approval by the state of a false or fraudulent claim under medical assistance programs administered by the Department of Social Services;

(c)     conspires to defraud the state by securing the allowance or payment of a false or fraudulent claim under medical assistance programs administered by the Department of Social Services;

(d)     knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid or decrease an obligation to pay or transmit

money or property to the state under medical assistance programs administered by the Department of Social Services.

531.    Omnicare, Organon, and PharMerica knowingly violated Conn. Pub. Act No. 09-5, § 2 from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute and the Connecticut laws prohibiting kickbacks (Conn. Gen Stat. §§ 53a-161c, 53a-161d), as described herein.

532.    As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the Connecticut Medicaid program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback Statute and the Connecticut laws prohibiting kickbacks (Conn. Gen Stat. §§ 53a-161c, 53a-161d).  Compliance with federal and state laws and regulations were conditions of payment.

533.    The State of Connecticut, by and through the medical assistance programs administered by the Connecticut Department of Social Services, paid the false and/or fraudulent claims.

534.    Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of Connecticut's payment decision.

535.    The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state

Medicaid programs was a foreseeable factor in the State of Connecticut's loss, and a consequence of the scheme.

536.    As a result of the Defendants' violations of Conn. Pub. Act No. 09-5, § 2, the State of Connecticut has been damaged.

537.    There are no bars to recovery under Conn. Pub. Act No. 09-5, § 9, and, or in the alternative, Relators are original sources as defined therein.  Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Conn. Pub. Act No. 09-5, § 4(a) on behalf of themselves and the State of Connecticut.

538.    This Court is requested to accept pendent jurisdiction over this related state claim as it is predicated upon the same exact facts as the federal claim, and merely asserts separate damages to the State of Connecticut in the operation of the medical assistance programs administered by the Connecticut Department of Social Services.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Omnicare, Organon, and PharMerica:

To the STATE OF CONNECTICUT:

(1)    Three times the amount of actual damages which the State of Connecticut has sustained as a result of the fraudulent and illegal practices of Omnicare, Organon, and PharMerica;

(2)    A civil penalty of up to $10,000 for each false claim that Omnicare, Organon, and PharMerica presented or caused to be presented to the State of Connecticut;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)    The maximum amount allowed pursuant to Conn. Pub. Act No. 09-5, § 6(b) and/or any other applicable provision of law;

(2)    Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)    An award of reasonable attorneys' fees and costs; and

(4)    Such further relief as this Court deems equitable and just.

**DD.   COUNT XXX – NORTH CAROLINA FALSE CLAIMS ACT (N.C. Gen. Stat. § 1-605 et seq.)**

539.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

540.    This is a *qui tam* action brought by Relator and the State of North Carolina to recover treble damages and civil penalties under the North Carolina False Claims Act, N.C. Gen. Stat. § 1-605 *et seq.*

541.    N.C. Gen. Stat. § 1-607 provides liability for any person who

(a)    knowingly presents or causes to be presented a false or fraudulent claim for payment or approval;

(b)    knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(c)    conspires to commit a violation of § 1-607;

(d)    knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State of North Carolina, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State of North Carolina.

542.    Organon, Omnicare, and PharMerica knowingly violated N.C. Gen. Stat. § 1-607 from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute, as described herein.

543.    As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the North Carolina Medicaid

program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Federal Anti-Kickback Statute.  Compliance with federal and state laws and regulations were conditions of payment.

544.    The State of North Carolina, by and through the North Carolina Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

545.    Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of North Carolina's payment decision.

546.    The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of North Carolina's loss, and a consequence of the scheme.

547.    As a result of the Defendants' violations of N.C. Gen. Stat. § 1-607, the State of North Carolina has been damaged.

548.    There are no bars to recovery under N.C. Gen. Stat. § 1-611, and, or in the alternative, Relators are original sources as defined therein.  Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to N.C. Gen. Stat. § 1-608(b) on behalf of themselves and the State of North Carolina.

549. This Court is requested to accept pendent jurisdiction over this related state claim as it is predicated upon the same exact facts as the federal claim, and merely asserts separate damages to the State of North Carolina in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare, and PharMerica:

To the STATE OF NORTH CAROLINA:

(1) Three times the amount of actual damages which the State of North Carolina has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare, and PharMerica;

(2) A civil penalty of up to $11,000 for each false claim that Organon, Omnicare, and PharMerica presented or caused to be presented to the State of North Carolina;

(3) Prejudgment interest; and

(4) All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1) The maximum amount allowed pursuant to N.C. Gen. Stat. § 1-610 and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## EE. COUNT XXXI–CITY OF CHICAGO FALSE CLAIMS ACT

550. Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

551. This is a *qui tam* action brought by Relators and the City of Chicago to recover treble damages and civil penalties under the Chicago False Claims Act, Municipal Code of Chicago § 1-22-010 - §1-22-060.

552.     Organon, Omnicare, and PharMerica knowingly violated the Chicago False Claims Act from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute, as described herein.

553.     As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the City of Chicago are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Federal Anti-Kickback Statute. Compliance with federal and state laws and regulations were conditions of payment.

554.     The City of Chicago paid the false and/or fraudulent claims.

555.     Given the structure of the health care systems, the false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the City of Chicago's payment decision.

556.     The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the City of Chicago was a foreseeable factor in the City of Chicago's loss, and a consequence of the scheme.

557.     As a result of the Defendants' violations of Municipal Code of Chicago § 1-22-020, the City of Chicago has been damaged.

558.     There are no bars to recovery under Municipal Code of Chicago § 1-22-030, and, or in the alternative, Relators are original sources as defined therein.  Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought

this action pursuant to Municipal Code of Chicago § 1-22-030 on behalf of themselves and the City of Chicago.

559.    This Court is requested to accept pendent jurisdiction over this related claim as it is predicated upon the same exact facts as the federal claim, and merely asserts separate damages to the City of Chicago.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare, and PharMerica:

To the CITY OF CHICAGO:

 (1) Three times the amount of actual damages that the City of Chicago has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare, and PharMerica;

 (2) A civil penalty of up to $10,000 for each false claim that Organon, Omnicare, and PharMerica presented or caused to be presented to the City of Chicago;

 (3) Prejudgment interest; and

 (4) All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

 (1) The maximum amount allowed pursuant to Municipal Code of Chicago § 1-22-030 and/or any other applicable provision of law;

 (2) Reimbursement for reasonable expenses that Relators incurred in connection with this action;

 (3) An award of reasonable attorneys' fees and costs; and

 (4) Such further relief as this Court deems equitable and just.

**FF. COUNT XXXII–COLORADO FALSE CLAIMS ACT**

560.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

561.    This is a *qui tam* action brought by Relator and the State of Colorado to recover treble damages and civil penalties under the Colorado False Claims Act, Col. Rev. Stat. Ann. § 25.5-4-304 *et seq.*

562.    Col. Rev. Stat. Ann. §25.5-4-305 provides liability for any person who

    (a)    knowingly presents or causes to be presented a false or fraudulent claim for payment or approval;

    (b)    knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

    (c)    conspires to commit a violation of §25.5-4-305;

    (d)    knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State of Colorado, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State of Colorado.

563.    Organon, Omnicare, and PharMerica knowingly violated Col. Rev. Stat. Ann. §25.5-4-305 from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute, as described herein.

564.    As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the Colorado Medicaid program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Anti-Kickback Statute.  Compliance with federal and state laws and regulations were conditions of payment.

565.    The State of Colorado, by and through the Colorado Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

566.    Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of Colorado's payment decision.

567.    The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of Colorado's loss, and a consequence of the scheme.

568.    As a result of the Defendants' violations of Col. Rev. Stat. Ann. §25.5-4-305, the State of Colorado has been damaged.

569.    There are no bars to recovery under Col. Rev. Stat. Ann. §25.5-4-306, and, or in the alternative, Relators are original sources as defined therein.  Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Col. Rev. Stat. Ann. §25.5-4-306(2) on behalf of themselves and the State of Colorado.

570.    This Court is requested to accept pendent jurisdiction over this related state claim as it is predicated upon the same exact facts as the federal claim, and merely asserts separate damages to the State of Colorado in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare, and PharMerica:

To the STATE OF COLORADO:

(1)    Three times the amount of actual damages that the State of Colorado has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare, and PharMerica;

(2)    A civil penalty of up to $11,000 for each false claim that Organon, Omnicare, and PharMerica presented or caused to be presented to the State of Colorado;

        (3)      Prejudgment interest; and

        (4)      All costs incurred in bringing this action.

To Relators Banigan and Templin:

        (1)      The maximum amount allowed pursuant to Col. Rev. Stat. Ann. §25.5-4-306 and/or any other applicable provision of law;

        (2)      Reimbursement for reasonable expenses that Relators incurred in connection with this action;

        (3)      An award of reasonable attorneys' fees and costs; and

        (4)      Such further relief as this Court deems equitable and just.

## GG.   COUNT XXXIII–MARYLAND FALSE CLAIMS ACT

571.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

572.    This is a *qui tam* action brought by Relator and the State of Maryland to recover treble damages and civil penalties under the Maryland False Claims Act, Md. Code Ann. §2-601 *et seq.*

573.    Md. Code Ann. §2-602 provides liability for any person who

        (a)      knowingly presents or causes to be presented a false or fraudulent claim for payment or approval;

        (b)      knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

        (c)      conspires to commit a violation of §2-602;

        (d)      knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State of Maryland, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State of Maryland.

574.    Organon, Omnicare, and PharMerica knowingly violated Md. Code Ann. §2-602 from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute, as described herein.

575.   As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the Maryland Medicaid program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Federal Anti-Kickback Statute.  Compliance with federal and state laws and regulations were conditions of payment.

576.   The State of Maryland, by and through the Maryland Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

577.   Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of Maryland's payment decision.

578.   The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of Maryland's loss, and a consequence of the scheme.

579.   As a result of the Defendants' violations of Md. Code Ann. §2-602, the State of Maryland has been damaged.

580.   There are no bars to recovery under Md. Code Ann. §2-606, and, or in the alternative, Relators are original sources as defined therein.  Relators are private persons with

direct and independent knowledge of the allegations of this Complaint, who have brought this

action pursuant to Md. Code Ann. §2-604(a) on behalf of themselves and the State of Maryland.

581.    This Court is requested to accept pendent jurisdiction over this related state claim

as it is predicated upon the same exact facts as the federal claim, and merely asserts separate

damages to the State of Maryland in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages

to the following parties and against Organon, Omnicare, and PharMerica:

To the STATE OF MARYLAND:

(1)    Three times the amount of actual damages which the State of Maryland has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare, and PharMerica;

(2)    A civil penalty of up to $11,000 for each false claim that Organon, Omnicare, and PharMerica presented or caused to be presented to the State of Maryland;

(3)    Prejudgment interest; and

(4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

(1)    The maximum amount allowed pursuant to Md. Code Ann. §2-602 and/or any other applicable provision of law;

(2)    Reimbursement for reasonable expenses that Relators incurred in connection with this action;

(3)    An award of reasonable attorneys' fees and costs; and

(4)    Such further relief as this Court deems equitable and just.

**HH.    COUNT XXXIV–MINNESOTA FALSE CLAIMS ACT**

582.    Relators repeat and reallege each allegation contained in the preceding paragraphs

of this Complaint.

583.     This is a *qui tam* action brought by Relator and the State of Minnesota to recover treble damages and civil penalties under the Minnesota False Claims Act, Minn. Stat. Ann. § 15C.01 *et seq.*

584.     Minn. Stat. Ann. § 15C.02 provides liability for any person who

(a)     knowingly presents or causes to be presented a false or fraudulent claim for payment or approval;

(b)     knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(c)     conspires either to present a false or fraudulent claim to the state for payment or approval or to make, use, or cause to made or used a false record or statement to obtain payments or approval of a false or fraudulent claim;

(d)     knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State of Minnesota, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State of Minnesota.

585.     Organon, Omnicare, and PharMerica knowingly violated Minn. Stat. Ann. § 15C.02 from at least 1999 to 2005 by violating the Federal Anti-Kickback Statute, as described herein.

586.     As a result of Organon's off-label marketing, kickback and best price schemes, all of the claims that Organon caused long-term care pharmacies, such as Omnicare and PharMerica, pharmacists, and physicians to knowingly submit to the Minnesota Medicaid program are false or fraudulent.  Further, Organon caused physicians', pharmacists', and/or long-term care pharmacy providers, such as Omnicare and PharMerica, to falsely certify, expressly or impliedly, and represent full compliance with all federal and state laws and regulations prohibiting fraudulent acts and false reporting, including but not limited to the Federal Anti-

Kickback Statute.  Compliance with federal and state laws and regulations were conditions of payment.

587.    The State of Minnesota, by and through the Minnesota Medicaid program and other state health care programs, paid the false and/or fraudulent claims.

588.    Given the structure of the health care systems, false statements, representations, and records made by Organon, PharMerica, and Omnicare had the potential to influence the State of Minnesota's payment decision.

589.    The ultimate submission by long-term care pharmacy providers, retail pharmacy chains, mail-order pharmacies, and managed care pharmacies of false claims to the state Medicaid programs was a foreseeable factor in the State of Minnesota's loss, and a consequence of the scheme.

590.    As a result of the Defendants' violations of Minn. Stat. Ann. § 15C.02, the State of Minnesota has been damaged.

591.    There are no bars to recovery under Minn. Stat. Ann. § 15C.05 and Minn. Stat. Ann. §15C.01, and, or in the alternative, Relators are original sources as defined therein. Relators are private persons with direct and independent knowledge of the allegations of this Complaint, who have brought this action pursuant to Minn. Stat. Ann. § 15C.01 on behalf of themselves and the State of Minnesota.

592.    This Court is requested to accept pendent jurisdiction over this related state claim as it is predicated upon the same exact facts as the federal claim, and merely asserts separate damages to the State of Minnesota in the operation of its Medicaid program.

WHEREFORE, Relators respectfully request this Court to award the following damages to the following parties and against Organon, Omnicare, and PharMerica:

To the STATE OF MINNESOTA:

    (1)    Three times the amount of actual damages that the State of Minnesota has sustained as a result of the fraudulent and illegal practices of Organon, Omnicare, and PharMerica;

    (2)    A civil penalty of up to $11,000 for each false claim that Organon, Omnicare, and PharMerica presented or caused to be presented to the State of Minnesota;

    (3)    Prejudgment interest; and

    (4)    All costs incurred in bringing this action.

To RELATORS BANIGAN AND TEMPLIN:

    (1)    The maximum amount allowed pursuant to Minn. Stat. Ann. § 15C.13 and/or any other applicable provision of law;

    (2)    Reimbursement for reasonable expenses that Relators incurred in connection with this action;

    (3)    An award of reasonable attorneys' fees and costs; and

    (4)    Such further relief as this Court deems equitable and just.

## II.    COUNT XXXV–COMMON FUND RELIEF

593.    Relators repeat and reallege each allegation contained in the preceding paragraphs of this Complaint.

594.    While the states possessing *qui tam* statutes have a regulatory scheme for rewarding the Relators for coming forward, those which have none will potentially receive a windfall with little or no investigation or commitment of time or resources to the recovery. The Common Fund doctrine preserves the right of the litigant or counsel to an award from the Common Fund generated. The United States Supreme Court, and many others, have addressed this situation. *Boeing Company v. Van Gemert*, 444 U.S. 472 478 (1980):

Since the decisions in *Trustees v. Greenough*, 105 U.S. 527, 26 L.Ed. 1157 (1882), and *Central Railroad & Banking Co. v. Pettuss*, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885), this Court has recognized consistently that a litigant or a lawyer who recovers a common fund for

the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole. [citations omitted]. The common-fund doctrine reflects the traditional practice in courts of equity, *Trustees v. Greenough*, supra 105 U.S., at 532-537, and it stands as a well-recognized exception to the general principle that requires every litigant to bear his own attorney's fees [citations omitted]. The doctrine rests upon the perception that persons who obtain the benefit of the lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense [citation omitted]. Jurisdiction over the fund involved in the litigation allows a court to prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionally among those benefitted by this suit. [citations omitted].

Accord, *In re Smithkline Beckman Corp. Securities Litig.*, 751 F. Supp. 525, 531 (E.D. Pa. 1990).

There are a huge string of cases which recognize the Common Fund doctrine for situations like that in this case. See "The Common Fund Doctrine: Coming of Age in the Law of Insurance Subrogation," 31 Ind. L. Rev. 313, 337-38 (1998). Relators respectfully request this Court to award them a percentage share from the Common Fund generated by her actions.

## XV.   DEMAND FOR JURY TRIAL

595.   Pursuant to Federal Rule of Civil Procedure 38, Relators demand a trial by jury.

WHEREFORE, Relators respectfully request all relief described herein.

Dated September 7, 2010

> UNITED STATES OF AMERICA, *ex rel.*
> Richard Templin and James Banigan
>
> Respectfully submitted,
>
> BERG & ANDROPHY
>
> *Rachel L. Grier*
> Joel M. Androphy
> State Bar No. 01254700
> jandrophy@bafirm.com
> Sarah M. Frazier
> State Bar No. 24027320
> sfrazier@bafirm.com
> Rachel L. Grier

179

State Bar No. 24055592
rgrier@bafirm.com
3704 Travis Street
Houston, Texas 77002
Telephone (713) 529-5622
Facsimile (713) 529-3785

**Attorneys in Charge for Relators
Richard Templin and James Banigan**

**Local Counsel:**

_____

Christopher Hug
BBO # 546960
Law Offices of Christopher Hug
21 Merchants Row
Boston, MA 02109
Telephone: (617) 227-0400
Facsimile:  (617) 227-0488
hug873@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded via the United States Mail, certified, return receipt requested, by facsimile, or by messenger to the United States Attorney's Office in the District of Massachusetts, and the Department of Justice in Washington, D.C., and the Attorneys General of the Qui Tam States, the District of Columbia, and the City of Chicago on September 7, 2010.

_____
Rachel L. Grier