UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12153-RWZ

UNITED STATES OF AMERICA
*ex rel.* James Banigan and Richard Templin, et al.

v.

ORGANON USA INC., et al.

ORDER

February 28, 2011

ZOBEL, D.J.

Relators bring this lawsuit under the federal False Claims Act ("FCA"), 31 U.S.C. § 3730, and several state false claims acts against a number of pharmaceutical companies alleging that they participated in a scheme to offer unlawful enticements to third parties to prescribe a drug, Remeron SolTab, to patients, some of whom were insured under Medicaid. The United States and individual states, including Texas, investigated the matter but ultimately decided not to intervene. Texas, as part of the investigation, subpoenaed documents from some defendants. These documents were shared with relators, but a protective order prevented their use after Texas' investigation concluded, subject to certain exceptions. One such exception is consent, and defendant Organon USA Inc. consented to relators' use of the Organon produced documents. (Relators' Opp'n 3-5, Docket # 95.)

Relators say they will use information from these documents to bolster the factual allegations in a third amended complaint. Defendants Pharmerica Long Term

Care, LLC and Omnicare, Inc. ("Movants") object. They argue relators should be prospectively barred from using information from the subpoenaed documents to amend their complaint.

After reviewing the briefing and considering counsels' arguments at the motion hearing, I am persuaded that this issue is not ripe for review. Relators have yet to file their third amended complaint. The record does not disclose the contents of the subpoenaed documents or indicate what information therein relators intend to use. At the moment, any concern about improper use of these documents is entirely speculative.

To the extent that Movants assert there is an absolute bar on a relator ever using any government-subpoenaed document to reinforce an FCA complaint, they cite no case so holding. To the contrary, other courts have either held or expressly presumed that, in at least some instances, a relator may reinforce the complaint with information obtained from government documents. U.S. ex rel. Rafizadeh v. Cont'l Common, Inc., 553 F.3d 869, 873 n.6 (5th Cir. 2008) (citing U.S. ex rel. Russell v. Epic Healthcare Mgmt. Grp., 193 F.3d 304, 308 (5th Cir. 1999)); U.S. ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1314 n.25 (11th Cir. 2002); U.S. ex rel. Underwood v. Genentech, 720 F. Supp.2d 671, 680 (E.D. Pa. 2010) (finding "no authority . . . barring amendments based on discovery the relator obtained from the Government" and allowing relator to file an amended complaint utilizing documents obtained from the Department of Justice).

Movants cite U.S. ex rel Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220 (1st

2

Cir. 2004), in which the First Circuit held that Fed. R. Civ. P. 9 was the applicable pleading standard for an FCA claim. Amendment was not at issue. It is discussed, in dicta, only in the dissimilar context of amendment based on discovery not shared with the government, to illustrate hypothetical problems that might arise if an FCA pleading were governed by a relaxed Fed. R. Civ. P. 9. Karvelas, 360 F.3d at 228-231. I decline to announce what would therefore be a new rule in this district on the basis of speculation about what relators may include in a third amended complaint.

Defendants' motion to preclude (Docket # 92) is DENIED.

|  |  |
|---|---|
| February 28, 2011 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |