UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12153-RWZ

UNITED STATES OF AMERICA *ex rel.*
JAMES BANIGAN AND RICHARD TEMPLIN *et al.*

v.

ORGANON USA INC.*, et al.*

ORDER

September 7, 2012

ZOBEL, D.J.

Before me are two motions filed in response to the court's Memorandum of Decision of June 1, 2012, U.S. ex rel. Banigan v. Organon USA, Inc., No. 07-12153-RWZ, 2012 WL 1997874 (D. Mass. June 1, 2012), incorporated herein. I address each in turn.

**I.     Relators' Motion for Clarification or in the Alternative for Reconsideration Regarding Certain Best Price, Kickback and State Law Claims (Docket # 178)**

Relators request clarification or reconsideration on three issues. First, they argue that, if the court's dismissal of pricing claims against the Organon defendants ("Organon") included those claims based on allegations relating to nominal sales of Remeron and sales to ineligible 340B entities, such dismissal was improper under the first-to-file bar of the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(5), because the nominal sale and 340B allegations were not specifically mentioned in the first-filed

case, United States ex rel. St. John La Corte v. Amerisource Bergen Corp. and PharMerica, Inc., No. 02–3168 (E.D.La.) ["Amerisource"].  See Banigan, 2012 WL 1997874, at *8 (finding Amerisource was first-filed case and thus barred kickback and pricing claims against Organon).

      Under the "essential facts" test for the first-to-file bar, Relators' nominal sale and 340B allegations support the same fraudulent scheme as their other pricing allegations, and the same scheme that was disclosed in the Amerisource case.  U.S. ex rel. Duxbury v. Ortho Biotech Products, L.P., 579 F.3d 13, 32 (1st Cir. 2009) (first-to-file rule bars later-filed action if it "states all the essential facts of a previously-filed claim" or the "same elements of a fraud described in an earlier suit"; distinguishing "essential facts test" from, and implicitly rejecting, the "identical facts" test).  Relators allege that Organon violated the FCA, 31 U.S.C. § 3729(a)(7) – which prohibits the making or using of a false record or statement to "conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government" –  by improperly reducing its rebate liability for Remeron to state Medicaid programs.  Likewise, the Amerisource relator alleged that defendant PharMerica conspired with pharmaceutical manufacturers of its "preferred drugs" (which included Remeron) to "conceal, avoid or decrease the amount of rebate obligation" for those drugs which the manufacturers owed to federal government agencies. Banigan, 2012 WL 1997874, at * 8 and n.20.  Both complaints allege various ways by which drug manufacturers perpetrated the fraud, including by filing false "best price" reports.  Relators do not overcome the first-to-file bar merely because they list additional allegations of how Organon fraudulently tried to reduce its

Medicaid rebate liability for Remeron.  See Banigan, 2012 WL 1997874, at *5 (quoting Duxbury, 579 F.3d at 33  (first-to-file rule can still bar a later claim "even if that claim incorporates somewhat different details")); U.S. ex rel. Folliard v. CDW Tech. Servs., Inc., 722 F.Supp.2d 37, 41 (D.D.C. 2010) (holding that later filed complaint "will not pass muster by merely providing additional details about the 'nature and extent of [the] fraud in the provision of' a given set of services (i.e., government procurement services), even if the manner of the later-alleged fraud 'varie[s] greatly. . . .'").

As to the court's dismissal of the pricing claims against Organon, Realtors' motion is denied.

### A. Kickback Claims Against Organon

Relators contend that the court improperly dismissed their kickback claims against Organon, among other reasons, under the first-to-file bar because Organon was not a named defendant in Amerisource.  Where the Amerisource complaints allege that PharMerica engaged in a kickback scheme with drug manufacturers regarding certain  preferred drugs, and name Remeron, a drug exclusively manufactured and sold by Organon, as one such drug, naming Remeron is equivalent to identifying Organon as a participant in the scheme, thereby putting the government on notice of alleged fraud by Organon.  See Banigan, 2012 WL 1997874, at *7.  As to the kickback claims against Organon, Relators' motion is denied.

### B. State Claims

Finally, Relators question whether the court properly dismissed claims against PharMerica and Organon under 19 state and local false claims statutes ("the dismissed

state claims")[1] which, in earlier filings, the parties agreed mirrored the federal FCA. See Banigan, 2012 WL 1997874, at *17. I defer decision on Relators' motion to reconsider the dismissed state claims, and likewise defer decision on PharMerica's and Organon's motions to dismiss the remaining nine state claims[2] and Count XXXV for Common Fund Relief, pending disposition of the federal claims.

## II.  Omnicare's Motion to Reconsider or, in the Alternative, Certify for Interlocutory Appeal the Court's June 1, 2012 Order (Docket # 182)

Defendant Omnicare argues that the court erred when it found the first-to-file bar inapplicable to the kickback claims alleged against it because the allegedly first-filed cases which it identified[3] do not mention Organon or Remeron, and, in this case, the identity of the "drug itself is an essential element of the fraudulent scheme alleged against it." See Banigan, 2012 WL 1997874, at *9. Omnicare contends that this decision constituted a clear error of law and/or merits reconsideration in the interests of justice. Despite these protestations, its motion to reconsider is effectively a request to relitigate an issue which it already has had the opportunity to brief, and which this court rejected. See id. (discussing and rejecting Omnicare's argument that "the fact that the prior qui tam complaints involved other drugs is of no merit" in first-to-file analysis). Omnicare's arguments in support of its motion to reconsider do not persuade the court

---

[1] California, Delaware, District of Columbia, Florida, Hawaii, Illinois, Indiana, Massachusetts, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee and Virginia.

[2] Georgia, Louisiana, Michigan, New Hampshire, Texas, Wisconsin, Connecticut, Colorado, and Maryland.

[3] See Banigan, 2012 WL 1997874, at *9 and n.21-23 (discussing allegedly first-filed cases raised by Omnicare: LaCorte, the Illinois Actions, and the Massachusetts Actions).

otherwise; its motion is therefore denied.

In the alternative, Omnicare moves for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). To satisfy section 1292(b), (1) an order must involve a "controlling question of law," (2) as to which "there is substantial ground for difference of opinion," and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  My determination that the failure of the earlier-filed complaints to mention Remeron constitutes a failure to state all of the essential facts of the fraudulent kickback scheme alleged against Omnicare does not raise a controlling question of law.  See In re Pharmaceutical Industry Average Wholesale Price Litigation, No. 01-12257-PBS and 07-11618-PBS, 2008 WL 2778808, at *3 (D. Mass. July 15, 2008) (denying motion for certification of interlocutory appeal of court's decision that first-to-file bar did not preclude jurisdiction in FCA action involving fraudulent drug pricing scheme; reasoning that court's decision "[did] not involve a pivotal question of law" where it ruled that "failure to specify the drug Erythromycin in the earlier action" – which was drug-at-issue in later action – "constitutes a failure to state all the essential facts under the 'same material elements' standard in established caselaw.").

Omnicare's motion for certification of an interlocutory appeal is denied.

## III.   Conclusion

Relators' Motion for Clarification or in the Alternative for Reconsideration Regarding Certain Best Price, Kickback, and State Law Claims (Docket # 178) is DENIED as to the pricing and kickback claims, and DEFERRED as to the 19 state

claims that were dismissed in the court's order of June 1, 2012.  The court defers decision on PharMerica's and Organon's motions to dismiss the remaining state claims and Count XXXV for Common Fund Relief.

    Omnicare's Motion to Reconsider or, in the Alternative, Certify for Interlocutory Appeal the Court's June 1, 2012 Order (Docket # 182) is DENIED.  The court will hold a further scheduling conference on October 10, 2012 at 2:00 p.m.


|     September 7, 2012     |    /s/Rya W. Zobel    |
|---|---|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |