UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12153-RWZ

UNITED STATES OF AMERICA *ex rel.*
JAMES BANIGAN AND RICHARD TEMPLIN, *et al.*

v.

ORGANON USA INC., *et al.*

ORDER

August 30, 2013

ZOBEL, D.J.

In this qui tam action, relators James Banigan and Richard Templin allege claims of Medicaid fraud against defendants Organon Biosciences N.V., Organon USA, Inc., Organon Pharmaceuticals USA, Inc., Organon International, Inc., Schering Plough Corp., Merck & Co., Inc. (collectively, "Organon" or "the Organon defendants"), Omnicare, Inc. ("Omnicare"), and PharMerica, Inc. ("PharMerica"). Relators, both former employees of the Organon defendants, also allege that Organon retaliated against them in response to their investigation and initiation of their claims.

Before me now are several discovery-related motions. I address each in turn, as well as extend the discovery schedule in light of the delay occasioned by these disputes.

I. **Relators' Motion to Compel Production Relating to "Collateral Kickbacks" (Docket # 227) and Organon's Motion for a Protective Order Limiting the Scope of Deposition Questions (Docket # 232)**

Relators assert that from 1996 to 2006, defendants – pharmaceutical companies

and long-term care pharmacies – engaged in fraudulent kickback schemes relating to the sale of Organon's Remeron antidepressants. The Third Amended Complaint, alleges two types of illegal kickbacks: (1) market share rebates and discounts pursuant to written purchasing agreements ("direct" or "discount" kickbacks); and (2) other incentives such as research grants, sponsorship of annual meetings, data purchasing agreements, nominal-price transactions, and participation in corporate partnership programs ("collateral" kickbacks). On June 1, 2012, I dismissed the collateral kickback claims for failure to plead with particularity under Fed. R. Civ. P. 9(b).[1]

On June 27, 2013, relators filed a motion to compel production of, among other things, "documents and testimony from the Organon and Omnicare defendants regarding people and subjects that defendants claim relate to the 'collateral' kickback scheme," arguing that such discovery is "inextricably linked" to the direct kickback claims still at issue in the case.[2] Defendants opposed the motion and, on July 1, 2013, Organon sought a protective order limiting the scope of deposition questions by precluding relators from deposing witnesses "regarding federal claims that have been dismissed from this action." A telephone hearing on both motions was held on July 24, 2013.

Under Fed. R. Civ. P. 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's clam or defense." The rule is to be "construed broadly to encompass any matter that bears on, or that reasonably could

---

[1] By the same order, I also dismissed various other federal claims under the first-to-file and public disclosure bars.

[2] Relators' motion to compel also raises issues regarding the production of archived information and documents from the Texas Office of the Attorney General, neither of which are addressed here.

lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Nonetheless, "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken . . . unless the information sought is otherwise relevant to the issues in the case." Id. at 352.

After reviewing the parties' submissions and considering the arguments presented at the hearing, I am not inclined to bar all discovery relating to the dismissed claims, so long as such information is relevant to the remaining claims. Relators maintain that information about the collateral kickback schemes is essential to understanding the circumstances and operation of the purchasing agreements that are the subject of the direct kickback claims. Specifically, they allege that collateral kickbacks were used, in part, to induce and facilitate such contracts and that the requested discovery will shed light on defendants' fraudulent motivations in entering them. Relators have sufficiently demonstrated that at least some discovery regarding collateral kickbacks is likely to produce admissible evidence. As such, Organon's request for a protective order, which seeks to preclude any discovery relating to the dismissed claims whatsoever, is overbroad. While relators may not inquire into topics that pertain only to the dismissed claims, they are entitled to discovery that bears on their remaining claims, even if that information also overlaps with claims no longer in the case.

Relators' motion to compel production relating to "collateral kickbacks" (Docket # 227) is ALLOWED, but only to the extent that such discovery is relevant to allegations regarding the direct kickback claims. Accordingly, relators shall tailor their requests to

evidence about activities that assisted defendants in securing and implementing the purchasing agreements at the heart of the alleged direct kickback scheme. Organon's motion for a protective order (Docket # 232) is DENIED.

## II. Relators' Motion for Leave to Take Additional Depositions (Docket # 236)

Relators seek leave to take up to fifteen depositions in excess of the ten-deposition limit of Fed. R. Civ. P. 30(a)(2)(A). In support, they state that this is a complex matter that deals with events spanning many years and that they need to depose employees from Omnicare's four "Acquired Pharmacies,"[3] have yet to conduct any depositions regarding their retaliation claims, and must depose additional Organon employees who were involved in negotiating contracts with the Acquired Pharmacies, the tracking of Remeron sales, and the fraudulent scheme in general. Relators identify thirteen individuals (six employees of the Acquired Pharmacies, five Organon employees, and two additional witnesses) whom they seek to depose.

Defendants oppose relators' motion. They disputes that the case is complex, arguing that, given the dismissal of many of relators' claims, the issues that remain are narrow and additional depositions are unnecessary. They also assert that the request is untimely and is an attempt to rectify relators' inefficient use of their existing ten depositions.[4]

I am unconvinced that fifteen additional depositions are appropriate in this case.

---

[3] Relators allege that Omnicare is responsible for the fraud-related liabilities of four pharmacies that it acquired – NeighborCare, APS, Sunscript, and NCS Healthcare. Prior to Omnicare's acquisition, these Acquired Pharmacies were members of group purchasing organizations that contracted with Organon for the purchase of Remeron.

[4] Omnicare also argued that relators had failed to specifically identify the individuals they seek to depose. Relators thereafter provided a list of proposed deponents in its reply brief.

4

However, given the stated need for discovery regarding the Acquired Pharmacies and Omnicare's offer to allow some additional depositions in that regard, relators may take depositions of one present or former employee of each of the four Acquired Pharmacies. In addition, relators may take depositions with respect to their retaliation claims, one for each relator.

Relators' motion for leave to take additional depositions (Docket # 236) is ALLOWED IN PART and DENIED IN PART. Relators are permitted to take up to six additional depositions: four depositions of individuals associated with Omnicare's Acquired Pharmacies and two depositions of individuals with knowledge of the retaliation claims. Relators also filed a motion for leave to file a reply brief on this matter (Docket # 251). That motion is ALLOWED

### III. Discovery Schedule

The deadline for depositions shall be extended from October 4, 2013 to November 8, 2013.

August 30, 2013
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE