UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12153-RWZ

UNITED STATES OF AMERICA *ex rel.*
JAMES BANIGAN AND RICHARD TEMPLIN, *et al.*

v.

ORGANON USA INC., *et al.*

ORDER

October 8, 2013

ZOBEL, D.J.

Relators served a subpoena duces tecum upon non-party Texas Office of the Attorney General (the "Texas OAG") requesting, among other things, the transcripts of Examinations Under Oath ("EUOs") of several witnesses conducted during a confidential Medicaid fraud investigation of defendants. The Texas OAG filed a motion to quash, which the court allowed on two grounds: (1) the subpoena was improperly served under Fed. R. Civ. P. 45(b)(2); and (2) the EUO documents were privileged and protected from disclosure under the Texas Medicaid Fraud Prevention Act ("TMFPA"), TEX. HUM. RES. CODE §§ 36.011-36.132 (2005), and the Texas Government Code, TEX. GOV'T CODE ANN. § 531.1021 (2011). See United States of America ex rel. Banigan v. Organon USA, Inc., Civil Action No. 07-12153-RWZ, 2013 WL 139735 (D. Mass. Jan. 9, 2013) (Docket # 221).

Relators then sought to obtain the EUO documents via discovery from the Organon defendants, whose counsel had previously received copies of at least some of

the transcripts from the Texas OAG through a special provision of the TMFPA. Organon refused to produce the EUO documents, claiming protection from disclosure under the same Texas statutes invoked by the Texas OAG.  Relators then filed a motion to compel (Docket # 230), which is before the court now.

Upon further review, it appears that the January 2013 quash order was not entirely correct.  Relators' subpoena did indeed run afoul of Fed. R. Civ. P. 45(b)(2) and was properly quashed based on that procedural deficiency alone.  The part of the order evaluating the merits of the Texas OAG's privilege claim under the Texas statutes, however, was unnecessary to the decision and did not address an important preliminary inquiry: whether Texas statutory privileges should be applied at all in this case.

Because this is a federal question case, federal common law controls the existence and application of evidentiary privileges.  See Fed. R. Evid. 501. Notwithstanding that general rule, the case law in this district indicates that federal courts should adopt state evidentiary privileges in appropriate situations in accordance with the governing test set forth by the First Circuit in In re Hampers, 651 F.2d 19 (1st Cir. 1981).  See, e.g., Bliss v. Fisher, 743 F.Supp.2d 25, 28-29 (D. Mass. 2010); In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc., 400 F.Supp.2d 386, 391 (D. Mass 2005).

This issue was never raised by the parties or the Texas OAG in connection with the motion to quash, and the court did not conduct a Hampers analysis in rendering the January 9 decision.  The court therefore VACATES the part of the quash order which

purports to rule on the merits of the Texas OAG's privilege claims.  The remainder of the order still stands.

As for relators' motion to compel the EUO documents from Organon, the court is prepared to proceed, but recognizes that the parties' papers contain no discussion on whether it is even appropriate to enforce Texas privileges in this federal question case.  As such, the parties are invited to file supplemental briefs of no more than 5 pages by **October 16, 2013**, addressing whether <u>Hampers</u> should be applied and, if so, the results of that analysis to the statutory privileges at issue here.


    October 8, 2013                                  /s/Rya W. Zobel
        DATE                                            RYA W. ZOBEL
                                                        UNITED STATES DISTRICT JUDGE