## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

THE UNITED STATES OF AMERICA *ex rel.*
RICHARD TEMPLIN AND JAMES
BANIGAN, *et al.*

      Plaintiffs,

vs.

ORGANON USA INC., *et al.*,

      Defendants.

Civil Action No. 07-12153-RWZ

## OMNICARE, INC.'S RESPONSE TO RELATORS' MOTION
## TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD

Years after the close of fact discovery, nearly nine months after the close of expert discovery, and just prior to oral argument on Omnicare's summary judgment motions, Relators have moved to supplement the summary judgment record with the declarations of two previously unidentified fact witnesses (Exhibits A and B) and a new, self-serving affidavit from their economics expert, Dr. Rena Conti (Exhibit C).[1]  Relators' motion should be denied.

**1.**  Exhibits A and B are bare bones declarations of two individuals, Judy Mohr Peterson and Keith Gaither, who presently work for the Medicaid programs of Hawaii and Tennessee, respectively.  In Exhibit A, Ms. Peterson claims "personal knowledge" that, during the years 1999 through 2005, the Hawaii Medicaid program would not have paid "any claim associated

---

[1] Omnicare has no objection to Exhibits D and E of Relators' motion.  The documents that Relators have marked as Exhibits D and E are simply the final portions of two email chains that Omnicare produced during fact discovery.  Those email chains already are part of the summary judgment record and were included in Relators' summary judgment briefing.  Omnicare's position is that Exhibits D and E do not actually expand the summary judgment record, but rather merely correct an inadvertent technical omission in the exhibits that Relators included with their responses to Omnicare's motions for summary judgment.

with" the goods or services provided by a provider that had "engaged in a kickback scheme."
Relators' Exh. A, at ¶¶ 1, 3. In Exhibit B, Mr. Gaither makes essentially identical assertions with
respect to the Tennessee Medicaid program. *See* Relators' Exh. B, at ¶¶ 1, 3, 4.

Relators' counsel are experienced *qui tam* attorneys, and they plainly were aware of
Relators' affirmative evidentiary burden in this case under First Circuit law, including to prove
by a preponderance of the evidence that Omnicare's compliance with the Anti-Kickback Statute
was a condition of receiving Medicaid reimbursement from the various states. Yet, at no point
during the years-long discovery period did Relators identify Ms. Peterson or Mr. Gaither, or even
generally identify individuals holding similar positions with the Hawaii or Tennessee Medicaid
programs, as potential fact or expert witnesses in this matter. Relators' decision to lob in Ms.
Peterson's and Mr. Gaither's declarations virtually on the eve of oral argument on Omnicare's
summary judgment motion would, if allowed, effectively deprive Omnicare of any opportunity
to depose Ms. Peterson and Mr. Gaither or otherwise to test or respond to their declarations at the
summary judgment phase.[2]

Relators' only explanation for why they are just now lobbing in these declarations is that
they had not received them until April 2016. This is completely beside the point, however.
Whether compliance with the Anti-Kickback Statute was a condition of payment for each state

---

[2] The notion that Ms. Peterson or Mr. Gaither have "personal knowledge" of how the Hawaii and
Tennessee Medicaid programs treated "kickback tainted" claims from 1999 through 2005 seems
to be a stretch. According to her LinkedIn profile, Ms. Peterson did not begin working for
Hawaii Medicaid until 2015. From 2009 through 2015, she worked for the Oregon Medicaid
system. Her LinkedIn profile does not reflect any employment at all between 1995 and 2008, but
it indicates that from 1984 to 1994 she was a doctoral student at the University of Texas,
receiving a Ph.D in Cultural Anthropology. *See* https://www.linkedin.com/in/judy-mohr-
peterson-65a14b67. Moreover, although Mr. Gaither was employed with Tennessee's Medicaid
program during the years 1999 through 2005, his position was CFO and Deputy CFO, not as a
claims administrator or lawyer. *See* https://www.linkedin.com/in/keith-gaither-66671980. Mr.
Gaither does not appear to have ever served in a claims administrator role with Tennessee
Medicaid.

during the relevant time period has been squarely at issue in this case for years: Relators expressly pled such allegations in their initial complaint in 2007 and in their Third Amended Complaint in 2011. *See, e.g.* Compl, Dkt. #8-3, at ¶ 235 (Hawaii), ¶ 355 (Tennessee); Third Am. Compl., Dkt. #103-1, at ¶ 415 (Hawaii), ¶ 488 (Tennessee).   In its Answer, Omnicare reserved all defenses to Relators' state-specific "condition of payment" allegations and denied Relators' overarching allegation that Anti-Kickback Statute compliance is a "condition of payment" for purposes of the federal False Claims Act. *See* Omnicare Answer, Dkt. #208, at p. 73, and ¶ 332 (denying Relators' overarching "condition of payment" allegation).   Relators do not even attempt to offer an excuse for why they apparently made no effort to obtain declarations from Ms. Peterson and Mr. Gaither, or individuals holding similar positions with the Hawaii and Tennessee Medicaid programs, during the discovery period itself in order to support their disputed "condition of payment" allegations, which would have enabled Omnicare to avail itself of its right to depose the witnesses and/or adduce additional rebuttal evidence.

Notably, as Relators' lawyers well know from previous similar efforts, untimely seeking to supplement the summary judgment record with "surprise witnesses" is an improper tactic that has been squarely rejected in other recent *qui tam* matters. *See United States ex rel. King v. Solvay*, Civ. H-06-2662, 2016 WL 1258401, at *4-7 (S.D. Tex. March 31, 2016).   In *King*, the relators, represented by Berg & Androphy, attempted to supplement the summary judgment record with declarations from three "surprise witnesses" whom they had failed to timely disclose under Rule 26. *Id.* at *4.   The district court pointed out that Federal Rule of Civil Procedure 37(c)(1) requires a party seeking to offer the untimely declaration of a new witness to provide a "substantial justification" for the untimeliness and to make a showing that allowing the untimely disclosure would not prejudice the opposing party. *Id.* at *5.   As in *King*, *see id.* at *6-7, Relators

can offer no substantial justification for these untimely declarations.  This Court should therefore

deny Relators' motion to supplement the summary judgment record with Exhibits A and B.

    **2.**   Exhibit C is a brief, self-serving affidavit of Relators' economics expert, Dr. Rena

Conti.  In her affidavit, Dr. Conti swears under penalties of perjury that the "facts" that she

included in her May 2014 expert report are "true" and that the "opinions" that she expresses

therein are "independent and impartial."  Relators' Exh. C., at ¶¶ 5, 6.  Dr. Conti's personal

beliefs about the veracity of the facts and the independence and impartiality of her opinions in

her May 2014 expert report are irrelevant.  There is no basis in law for Relators' attempt to

supplement the summary judgment record, untimely or otherwise, with an affidavit that amounts

to nothing more than Dr. Conti's improper self-bolstering of her own expert report.

                        Respectfully submitted,

                  By:   /s/ Aaron M. Katz              
                    Brien T. O'Connor (BBO No. 546767)
                    Aaron M. Katz (BBO No. 662457)
                    C. Thomas Brown (BBO No. 667558)
                    ROPES & GRAY LLP
                    Prudential Tower 800 Boylston Street
                    Boston, MA 02199
                    Tel.: (617) 951-7000/Fax: (617) 951-7050
                    brien.o'connor@ropesgray.com
                    aaron.katz@ropesgray.com
                    thomas.brown@ropesgray.com

                    Harvey Kurzweil (*pro hac vice*)
                    Suzanne Jaffe Bloom (*pro hac vice*)
                    Benjamin Sokoly (*pro hac vice*)
                    WINSTON & STRAWN LLP
                    200 Park Avenue
                    New York, NY 10166
                    Tel.: (212) 294-6700/Fax: (212) 294-4700
                    hkurzweil@winston.com
                    sbloom@winston.com
                    bsokoly@winston.com

                    *Attorneys for Omnicare, Inc*

Dated:  May 11, 2016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above document(s) filed under seal on paper will be served on counsel of record via electronic mail on May 11, 2016.

 /s/ Aaron M. Katz
Aaron M. Katz