IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *ex rel.* James Banigan and Richard Templin, | § | |
| *et al.* | § | |
|     Plaintiffs, | § | |
| | § | CIVIL NO. 07-12153-RWZ |
| | § | |
| VS. | § | |
| | § | |
| OMNICARE, INC.; and | § | |
| PHARMERICA, INC. | § | |
| | § | |
|     Defendants. | § | |

RELATORS' STATEMENT OF THE CASE &
PROPOSED AGENDA FOR STATUS CONFERENCE

Together with counsel for PharMerica, counsel for Relators requested a status conference scheduled to take place on August 10, 2017. Relators asked for the status conference generally to discuss case management issues regarding Relators' claims against PharMerica, which are still pending in this Court. In addition to discussing the status of the case, Relators also would like to discuss their Motion for Leave to File Supplemental Briefing that was filed contemporaneously with this Statement of the Case and Proposed Agenda. To provide context for the status conference, below is a brief summary of the facts and lengthy procedural history pertinent to Relators' claims against PharMerica.

A.  <u>Relators' Claims against PharMerica.</u>

On September 13, 2007, Relators Richard Templin and James Banigan filed a *qui tam* action in the United States District Court for the Southern District of Texas, Houston Division, captioned *United States of America et al., ex rel. James Banigan and Richard Templin v. Organon USA, Inc., et al.*, Civil Action No. H-07-2953. The case was subsequently transferred to the United States District Court for the District of Massachusetts under Civil Action No. 07-12153. Relators filed their Third Amended Complaint on March 25, 2011.

Relators have asserted claims pursuant to the *qui tam* provisions of the False Claims Act (FCA), 31 U.S.C. §§ 3729–33, and the state FCA statutes for the States of California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Louisiana, Maryland, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, and Wisconsin, the Commonwealths of Massachusetts and Virginia, the District of Columbia, and the City of Chicago.

Relators' FCA claims are predicated on violations of the Anti-Kickback Statute (AKS), 42 U.S.C. § 1320a-7b(b), and various state anti-kickback statutes. Relevant here, Relators claim that Defendant PharMerica solicited and accepted rebate payments in exchange for increasing

Defendant Organon's control of the antidepressant market. PharMerica promoted and recommended Organon's antidepressant medications Remeron and Remeron SolTab (collectively, "Remeron") to block sales of brand and generic drugs that competed with Remeron in long-term care facilities serviced by PharMerica.

On July 7, 2011, PharMerica moved to dismiss the Third Amended Complaint. Dkt. Nos. 123, 124.

B.  June 1, 2012 Order (Motion to Dismiss).

On June 1, 2012, the Court dismissed some of Relators' claims against each of the Defendants. Dkt. No. 173. The Court dismissed Relators' federal claims against PharMerica, concluding that "under the FCA's first-to-file and public disclosure provisions, *Amerisource* bars all federal claims against PharMerica." *Id.* at 17 (citing *United States ex rel. St. John La Corte v. Amerisource Bergen Corp. and PharMerica, Inc.*, No. 02-3168 (E.D. La.) ["*Amerisource*"]). The Court also concluded that, because certain states have FCA statutes that mirror the federal FCA, Relators' claims based on those state FCA statutes should also be dismissed pursuant to the first-to-file and public disclosure provisions in those states' false claims statutes. *Id*. at 36. The Court dismissed Relators' claims as to the following states:

| | | |
|---|---|---|
| California | Massachusetts | North Carolina |
| Delaware | Minnesota | Oklahoma |
| District of Columbia | Montana | Rhode Island |
| Florida | Nevada | Tennessee |
| Hawaii | New Jersey | Virginia |
| Illinois | New Mexico | |
| Indiana | New York | |

(collectively, "Dismissed State Claims") *Id*. However, the Court refused to dismiss the state claims against PharMerica listed below, and Relators' common fund relief claim "[p]ending further briefing by the parties" (collectively with common fund relief claim, "Remaining State Claims"):

3

| | |
|---|---|
| Colorado | Michigan |
| Connecticut | New Hampshire |
| Georgia | Texas |
| Louisiana | Wisconsin |
| Maryland (Relators later conceded to dismissal) | |

*Id*. at 36–37.

C.       Additional Briefing on Motion to Dismiss & September 7, 2012 Order.

On June 18, 2012, Relators filed a "Motion for Clarification or in the Alternative for Reconsideration Regarding Certain Best Price, Kickback, and State Law Claims." Dkt. No. 178. Relevant here, Relators argued that *Amerisource*, which alleged only federal kickback claims, could not preclude the Dismissed State Claims under the respective state first-to-file rules. *Id.* Relators also argued that the public disclosure bar did not apply to Relators' Dismissed State Claims and that, even if there had been public disclosure, Relators were nonetheless original sources. *Id.* Relators also conceded that the Maryland state claim against PharMerica should be dismissed. *Id.* at 3. PharMerica filed its response on August 1, 2012. Dkt. No. 191.

On July 2, 2012, PharMerica filed a supplemental memoranda in support of its motion to dismiss Relators' remaining nine state law claims (hereinafter, "Supplemental Motion to Dismiss"). Dkt. No. 184. Relators filed their opposition to that motion on August 1, 2012. Dkt. No. 190.

On September 7, 2012, the Court issued an order stating:

> I defer decision on Relators' motion to reconsider the dismissed state claims, and likewise defer decision on PharMerica's and Organon's motions to dismiss the remaining nine state claims and Count XXXV for Common Fund Relief, pending disposition of the federal claims.

Dkt. 198 at 4.

D.  Discovery & Organon Settlement.

Organon, Omnicare, and Relators proceeded to discovery after the Court issued its September 2012 Order. At an October 10, 2012 status conference, the Court ruled that Defendants were not required to answer the various state law claims at that time and that the parties may not engage in discovery on Relators' state law claims, including those asserted against PharMerica.

Relators and the United States subsequently settled with Defendant Organon in 2014, prior to the close of discovery.

E.  August 23, 2016 Order (Summary Judgement) & Omnicare Settlement.

After discovery closed, Omnicare filed two motions for summary judgment, Dkt. Nos. 414, 415, 417, 418, which the Court largely denied in its August 23, 2016 Order. Dkt. No. 485.

In October 2016, Relators, the United States, and the various states settled with Omnicare, leaving PharMerica as the only defendant remaining in this case.

F.  Status Conference & PharMerica.

It has been approximately five years since the Court stayed Relators' claims against PharMerica. Accordingly, counsel requested the August 10, 2017 status conference to seek guidance from this Court regarding how this matter will proceed. Further, Relators would like to discuss their Motion for Leave to File Supplemental Briefing, requesting leave from this Court to amend and supplement Relators' Motion for Clarification or in the Alternative for Reconsideration Regarding Certain Best Price, Kickback, and State Law Claims (Dkt. No. 178) and Relators' Opposition to PharMerica's Supplemental Memoranda in support of its Motion to Dismiss Relators' Third Amended Complaint (Dkt. No. 190).

Dated: August 9, 2017

Respectfully submitted,

Relators James Banigan and Richard Templin:        /s/ Michael E. Mone

Michael E. Mone/BBO #351680
MMone@ebjmlaw.net
Patricia L. Kelly/BBO #266940
PKelly@ebjmlaw.net
Michael E. Mone, Jr./BBO #634607
MichaelMone@ebjmlaw.net
C. William Barrett/BBO #553372
BBarrett@ebjmlaw.net
ESDAILE, BARRETT, JACOBS &
MONE
75 Federal Street
Boston, Massachusetts 02110
(617) 482-0333


/s/ Joel M. Androphy
Joel M. Androphy (*Pro Hac Vice*)
Sarah M. Frazier (*Pro Hac Vice*)
Zenobia H. Bivens (*Pro Hac Vice*)
BERG & ANDROPHY
3704 Travis Street
Houston, Texas 77002
Tel. 713-529-5622
Fax 713-529-3785
jandrophy@bafirm.com
sfrazier@bafirm.com
zbivens@bafirm.com

<u>Certificate of Service</u>

      The undersigned hereby certifies that a true and complete copy of the foregoing document was duly served on counsel via first class mail, electronic mail, facsimile and/or Certified Mail, Return Receipt Requested, or through the CM/ECF system on August 9, 2017.

                                        <u>/s/ Zenobia Harris Bivens</u>
                                        Zenobia Harris Bivens